## Case No. 14,450.

### UNITED STATES v. ANDERSON.

[2 Cranch, C. C. 157.] [1]

Circuit Court, District of Columbia. Nov. Term, 1818.

BAIL—PRISON BONDS—ACTION BY UNITED STATES.

A prisoner in execution for debt, at the suit of the United States, is entitled to the benefit of the prison bounds, upon giving sufficient security.

The defendant [James Anderson] was brought in by the marshal at the suit of the United States, upon a ca. sa. for debt; and applied for the benefit of the prison bounds, and tendered a bond with sufficient sureties.

THE COURT (THRUSTON, Circuit Judge, doubting) decided that he was entitled to the benefit of the bounds. See Acts Cong. Jan. 6, 1800, § 1 (2 Stat. 4), for the relief of persons imprisoned for debt, and March 3, 1803, §§ 16, 17 (2 Stat. 241), for the relief of insolvent debtors, within the District of Columbia.

[See Case No. 353.]

## Case No. 14,451.

### UNITED STATES v. ANDERSON.

[3 Cranch, C. C. 205.] [1]

Circuit Court, District of Columbia. Nov. Term, 1827.

HOMICIDE—MANSLAUGHTER—PUNISHMENT.

In 1827, manslaughter, in the District of Columbia, was punishable by fine and imprisonment.

The prisoner [Willis Anderson] was convicted of manslaughter, by killing Gerard Arnold.

Sentence, to pay a fine of $300, and to be imprisoned one year, and until the fine and costs should be paid.

## Case No. 14,452.

### UNITED STATES v. ANDERSON.

[4 Cranch, C. C. 476.] [1]

Circuit Court, District of Columbia.

WITNESS—TRIAL FOR FORGERY—INTEREST.

Upon an indictment for forgery, a person interested in setting aside the instrument forged, is not a competent witness to prove the forgery.

Indictment [against John Anderson] for forging an order in the name of Mr. Dorsey, who was called as a witness for the United States.

Mr. Brent, for defendant, objects, and contends that no person, interested in setting aside the instrument, is competent as a witness, to prove the forgery. 2 Russ. 374; 4 Starkie, 573, 582, 583. In those states where a contrary doctrine prevails, it is by statute; and in England there is a late statute (9

Geo. IV. c. 32) permitting such testimony; which statute would have been unnecessary if it could be permitted by the common law. Ross's Case, 2 Dall. [2 U. S.] 239; Keating's Case, 1 Dall. [1 U. S.] 110; 10 Petersd. Abr. 70.

THE COURT (hesitans) rejected the witness.

Mr. Key, for the United States, offered again to examine Mr. Dorsey, upon a collateral question, and contended that he was competent to prove any fact except that the signature is not his. Rex v. Boston, 4 East, 582.

THE COURT (nem. con.) still rejected the testimony of Mr. Dorsey, because he was offered to prove a fact tending to prove the forgery.

NOTE. See U. S. v. Porter [Case No. 16,072], in this court, in 1812, where Jenkins, the person cheated, was examined as a witness for the prosecution. 2 Hawk. P. C. 610; Rex v. Whiting, 1 Ld. Raym. 396; McNally, Ev. 105, 124; U. S. v. Maxwell [Case No. 15,749], in this court. Peake, Ev. 94; Abrahams v. Bunn, 4 Burrows. 2255; Smith v. Prager, 7 Term R. 60; Bent v. Baker, 3 Term R. 27; Republica v. Ross, 2 Dall. [2 U. S.] 239. See Hardr. 331; 1 Salk. 283, 286; 2 Strange. 728, 1043; 1 Vent. 49; 2 Hawk. P. C. c. 46, §§ 24, 25; 2 Strange, 1229; McNally, Ev. 121; Peake, Ev. 96, 116; 4 Starkie, 770, 771; and the following cases in this court: U. S. v. Suter, Nov., 1807 [Case unreported]; Bayne's Case, Dec., 1830 [Case No. 1,146]; U. S. v. Brown, Dec., 1827 [Case No. 14,658]; U. S. v. Bates, April, 1823, and June, 1810 [Cases Nos. 14,542 and 14,543]; U. S. v. Moxley, Dec., 1812 [Id. 15,830].

UNITED STATES v. ANDERSON. See Case No. 14,672.

## Case No. 14,453.

### UNITED STATES v. ANDREWS.

[Cited in U. S. v. Abbott, Case No. 14,416. Nowhere reported; opinion not now accessible.]

## Case No. 14,454.

### UNITED STATES v. ANDREWS.

[1 Brunner, Col. Cas. 422; [1] 5 City H. Rec. 120.]

Circuit Court, S. D. New York. Sept. 15, 1820.

SLAVERY—ENGAGING IN SLAVE TRADE.

It is sufficient on an indictment for engaging in slave trade, to prove that the accused were engaged in procuring slaves, and sending them on by another vessel; it is not necessary that the vessel to which they belong should actually have had slaves on board.

The defendant [Alexander McKim Andrews] was indicted under the second section of an act of congress, passed the 10th of May, 1800 [2 Stat. 70], which is in these words: "It shall be unlawful for any citizen of the United States, or other person residing therein, to serve on board any ves-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]