Mathews, J.
delivered the opinion of the court. In this case, it appears by the statement of facts that the plaintiff and appellee was indebted to the defendant and appellant, in the sum of $3000, for the payment of which, he conveyed to him three negroes and also procured his wife to convey a fourth: it being understood by the parties that the sales and transfers of title thus made, should not convey the absolute property, but that the slaves should be holden as a security for the payment of the debt—that they remained in the possession of the appellee, *89 and the profit of their labour was applied to his use—that in the month of May, 1815, he called a meeting of his creditors, a majority of whom granted him a respite of two and three years; that two of the negroes ran away from him and were taken up and put in jail by Phelan, who confined them, and the keeper of the jail refused to deliver them to the appellee, in consequence of the interference of the appellant. Under these circumstances, suit was commenced in the court below, by Baron, to recover possession of the slaves and damages for their detention. Judgment having been rendered in his favor, Phelan appealed.
The bills of sale in question from Baron and his wife to the appellant, taken in connection with the instrument of writing, by which he agrees that they were given to secure to him the payment of a debt due to him by the appellee, can be considered only as a mortgage or hypothecation of the property and consequently gave to the mortgagee no right to possess himself of them by his own act.
The judgment of the parish court is therefore clearly correct, so far as it goes to order a restitution of the negroes, and although the sum allowed to the plaintiff in damages, for the loss *90 of the labour of the slaves, appears to be somewhat excessive, yet when we take in view that part of the statement of facts, which attributes to them skill in the particular manufacture in which they were employed by their master, and that they are worth two or three dollars a day each, there does not appear to exist such enormity or error in the damages assessed as to require the interference of this court.
Moreau for the plaintiff. Hennen for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.