*TRIMBLE vs. MOORE.*

APPEAL FROM THE COURT OF THE FIFTH DISTRICT,
THE JUDGE OF THE DISTRICT PRESIDING.

In actions of slander and defamation of character it is sufficient to sustain the action, to prove in substance the words charged to have been spoken.

In cases of this kind, slanderous words spoken, are not to be construed in a technical manner, but taken in their popular sense, and considered in relation to the idea they were intended, and might convey to the by-standers, or company to whom they were addressed.

Interest will not be allowed on a verdict finding a specified sum in damages. And if the judgment gives interest, even from the signing it, it will be reversed

This is an action of slander, for slanderous words spoken of and concerning the plaintiff, by the defendant.

The petition sets out, that the plaintiff is a good and honest citizen of his parish; that the defendant maliciously and falsely charged him, in the presence of many persons, of having "stolen three hundred dollars in money and notes, and had runaway;" and further, that the plaintiff " had stolen three hundred dollars from him (the defendant) and runaway:" thereby meaning to charge the plaintiff, whilst acting as his (the defendant's) clerk with the crime of theft," &c. He lays his damages at three thousand dollars.

The defendent pleaded the general issue; and that he had only said the defendant "had taken notes and papers of his, without his consent, and deprived him of the power to collect moneys due him."

The evidence showed that Trimble had been in the employ of Moore as a clerk: they disagreed in settling their accounts, and Trimble on leaving took notes, accounts, and papers from Moore to collect and secure himself to the amount of his claims. When Moore heard of it he, in a passion, said "Trimble had taken from his store the amount of two or three hundred dollars in money, notes and papers, and had runaway with them;" "and damn him he would catch him and fetch him back."

There was a verdict for the plaintiff of five hundred and fifty-five dollars in damages, and judgment thereon allowing judicial interest from its date.

The defendant appealed.

*Garland* for plaintiff contended that the case was completely made out by the evidence, and urged the affirmance of the judgment.

*Bowen* for defendant. The evidence does not support the charge as laid in the petition, and the slanderous words are not proved as alleged to have been spoken.—*Rex vs. Horn,* 2d *Cowp.* 2 *Russ. on Cr.* 1036.

2. There is no interest claimed or found by the jury: the judgment allowing it is erroneous.

*Brownson,* on the same side, commented on the case of

*Freeland vs. Lanfear,* 2 *Martin, N. S.,* 257, and argued to show that not even the substance of the charge was proved, &c.

*Porter. J.* delivered the opinion of the court.

This is an action of defamation. There was judgment in the court of the first instance for the plaintiff, and the defendant appealed.

The petition alleges, that the defendant "in substance charged the plaintiff with having stolen three hundred dollars in money and notes, and having runaway." The words proved on the trial were, "that the plaintiff had taken from defendants store to the amount of two or three hundred dollars in money and notes, and had runaway with them," the defendant adding, "damn him he would catch him and bring him back."

It seems conceded by the counsel on each side, and so indeed is the law, that it is sufficient in cases of this description, to prove in substance the words charged to be spoken, and the argument has turned principally on the compliance or non-compliance of the plaintiff in this case with the rule. A good deal of ingenuity has been exercised to shew that the words spoken did not import a charge of felony, but of trespass. We need not enquire whether the expressions used amount to a technical definition of the offence, and whether if put in an indictment they would not fail in legal precision. We must consider the words in their popular sense, and examine what idea they were intended to convey, and might convey to the by-standers to whom they were addressed. Considered in this point of view, we are of opinion that the defendant intended an accusation of theft, and that the words used conveyed such an idea. He charged the plaintiff with having taken his property. Had he stopped there, it might perhaps have amounted to nothing more than an accusation of tresspass, but coupled with the assertion that he had runaway with it, and that he the defendant would catch him and

*In actions of slander and defamation of character it is sufficient to sustain the action, to prove in substance the words charged to have been spoken.*

*In cases of this kind, slanderous words spoken, are not to be construed in a technical manner, but taken in their popular sense and considered in relation to the idea they were intended, and might convey to the by-standers, or company to whom they were addressed.*

<div style="margin">
Western District,
September 1831

TRIMBLE
vs.
MOORE.
</div>

bring him and back—a higher offence is imputed. For if these allegations had been true—if the plaintiff had taken the property—if he had runaway with it—and if the defendant had been compelled to follow him to get it back, there would have been sufficient to place the plaintiff, to say the least of it, in a very delicate position before a jury on a prosecution for larceny.

One of the witnesses who testified to the declarations of the defendant, states that the impression produced by them on his mind was, that the plaintiff had taken the property without permission, and that he could not stay longer at the witnesses house unless he cleared his character. This understanding of a person who heard the conversation has been much relied on, to shew that those to whom the observations were addressed, did not consider the defendant to make an accusation of larceny. We do not know whether the witness believed a taking without permission to be a theft or not—he leaves it doubtful, by declaring he considered the accusation so serious, that without a proper explanation of the plaintiff's conduct he must remove from witnesses house.

But supposing this witness did so understand the words, the other by-standers may have affixed a different meaning to them; and the right of the plaintiff to obtain compensation for a charge of a very serious nature, should not be impaired because some may have understood it in a milder sense than that which the language used most certainly conveyed.

<div style="margin">
Interest will not be allowed on a verdict finding a specified sum in damages. And if the judgment gives interest, even from the signing it, it will be reversed.
</div>

The court below gave interest on the amount of damages found by the jury, and there is error in this, for which the judgment must be reversed.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed. And it is further ordered, adjudged, and decreed that the plaintiff do recover of the defendant the sum of five hundred and fifty-five dollars, with costs in the court of the first instance; those of appeal to be paid by the plaintiff and appellee.