Eastern Dis.
March, 1833.

POYDRAS
ET AL.
vs.
PATIN.
The surety of a
curator of absent
heirs.may be sued
on the bond in the
District Court.
The represen-
tative of those for
whose benefit a
bond was given to
the Judge of Pro-
bates, as their
trustee, can sue
on the bond with-
out an assignment
of it.

---

## POYDRAS ET AL vs. PATIN.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.

The action against a surety on an injunction bond arises *ex contractu,* and as to prescription must be governed by the laws which operate upon written contracts.

Interest will not be awarded on damages sustained during the suspension of an order of seizure and sale, in consequence of an injunction wrongfully sued out.

This action was brought against the widow of Pierre Abadie, in her own behalf, and as tutrix to his sole heir, on the following bond:

" State of Louisiana—parish of Point Coupée. Know all men by these presents, that we, Pierre Abadie, and Gertrude Patin, wife of Pierre Abadie, as principal, and Antoine Patin, as security, do hereby bind ourselves, our heirs, executors and administrators, unto Charles Morgan and Benjamin Poydras de la Lande, in the sum of three thousand eight hundred dollars, dated this thirteenth day of July, 1827. Whereas, the above bounden Pierre Abadie, and Gertude Patin, have on the sixth day of August, 1825, obtained an order of injunction on a writ of seizure issued at the suit of *Morgan & Poydras* vs. *Pierre Abadie & wife.* Now, therefore, the condition of the above obligation is for the payment of all such damages as this said Morgan and Poydras may suffer in case it should appear that the said injunction was wrongfully sued out." It was signed by the obligors in the presence of four witnesses.

A statement of the pleadings and evidence is given in the opinion of the court.

*Cuvillier,* for appellants.

1. The damages suffered by the plaintiffs by reason of the injunction wrongfully obtained, are the interests at ten per centum, stipulated in the bill of sale from the end of March, 1823, on twelve hundred dollars till paid; and from the end of March, 1824, on six hundred dollars till paid.

2. These damages need not be proved otherwise than by producing the bill of sale in which the stipulation of the aforesaid interest is at full length; said bill of sale speaks for itself.

3. The plaintiffs were not bound to show that the debtor had become insolvent, and that by reason of the delay had lost a part or the whole of their debts.

4. A judicial surety cannot demand the discussion of the property of the principal debtor. *Louisiana Code,* 3039.

EASTERN DIS.
  *March*, 1833.

P    OYDRAS
     ET AL.
       *vs.*
     PATIN.

5. The action on an injunction bond is not one of those which are prescribed by one year. *Louisiana Code, arts.* 3469, 3900, 3901.

6. The praying for and obtaining an injunction is neither an offence nor a *quasi* offence.

7. And, to be security on an injunction bond, is still less an offence, or *quasi* offence, than to pray for and obtain it.

*Mitchell*, for appellees.

1. The verdict of the jury is not justified by the evidence, even should the interest be allowed at ten per centum.

2. The interest claimed as damages could not exceed five per centum; the charge of the District Judge is erroneous.

3. The defendant's plea of prescription was well sustained, and must prevail in this court.

MATHEWS, J. delivered the opinion of the court.

This is a suit on an injunction bond, in which the plaintiffs claim damages from the representative of the estate of a surety in said bond, who died before the right of action accrued. The general issue is pleaded in the answer, and also prescription. The cause was submitted to a jury who found a verdict for the plaintiffs, and assessed their damages at eleven hundred and ninety-four dollars. The question of prescription, had however, been reserved for the decision of the judge *a quo*, who decided in favor of the defendant, and the plaintiffs appealed.

The whole case is brought up on the appeal; but the first step necessary for us to take, is to examine the correctness of the decision of the judge by which he sustained the plea of prescription. The prescription relied on by the defendant is, that of one year as provided by the article 3501 of the *Louisiana Code*, wherein it is declared that " actions for injurious words whether verbal or written, and those for damages caused by slaves or animals, or resulting from offences or *quasi* offences, &c., are prescribed by one year. The

latter clause of this article is alone applicable to the present case; and suggests the question whether this action is to be considered as arising *ex contractu* or *ex delictu*. In our view it evidently originates from a contract. The right which suitors have to obtain injunctions, is recognised by law, and the requisites to obtain them are pointed out in the article 304 of the *Code of Practice.* A bond with surety is to be given in favor of the defendant to secure the payment of damages. By such bond both the principal and surety contract an obligation to pay such damages as may be sustained by the defendant, &c. An act authorised by law cannot be viewed as an offence, or *quasi* offence. According to moral and legal principles, it is the violation of sound morality, or of the rules of law which constitutes an act or omission, an offence or *quasi* offence. Where there is no law there can be no transgression.

EASTERN DIS.
*March*, 1833.

POYDRAS
ET AL
*vs.*
PATIN.

The action against a surety on an injunction bond arises *ex contractu,* and as to prescription must be governed by the laws which operate upon written contracts.

We are clearly of opinion that the obligation to pay damages in the present instance, was created by the injunction bond. It is virtually a written promise made by the plaintiff and surety in that case, to pay to the defendants any damages which might be sustained by them in the event of a decision that the injunction had been wrongfully sued out, and must be governed by rules of prescription relating to written obligations or promises.

Being of opinion that the judge *a quo* erred in sustaining the plea of prescription, it becomes necessary to examine the principles on which damages ought to be awarded.

The present plaintiffs obtained an order of seizure and sale of certain slaves which they had sold to one Pierre Abadie, having stipulated a mortgage on the property sold, to secure the payment of the price and interest, at the rate of ten per centum per annum, from certain dates. This order was stayed by an injunction granted at the instance of the wife of the vendee, under some pretence of claim to the property seized on the sixth of August, 1825, and a bond was given on the ninth of the same month in which the husband of the present defendant became surety on July 13, 1827. This injunction was dissolved on May

EASTERN DIS.
*March*, 1833.
═══════════
POYDRAS
ET AL
*vs.*
PATIN.

29, 1828, and the day after an alias order of seizure and sale issued, under which the slaves in question were sold by the sheriff, and produced according to his return, one thousand nine hundred and sixty-five dollars, gross, leaving nett, after deducting charges, one thousand eight hundred and sixty-three dollars and three cents. This sale was made on July 3, 1828. The property was sold by the sheriff of the parish of New-Orleans, and no return made until November 20, 1829. Poydras, one of the plaintiffs, was the purchaser at sheriff's sale. These slaves were originally sold to Pierre Abadie, for one thousand eight hundred and sixty dollars. By the contract, interest was stipulated to be paid on this amount at the rate of ten per centum per annum, on twelve hundred dollars, from April 1, 1823; and on six hundred and sixty dollars, from April 1, 1824, until April 1, 1825; and after this last period, interest on the whole amount of price until paid. The whole amount of interest on the price calculated on the principles above stated, amounted on July 30, 1828, when the property was sold by the sheriff in New-Orleans, to nine hundred and ten dollars and fifty cents; this, together with court charges, (amounting to seventy-eight dollars and fifty cents,) produces an aggregate sum due by the purchaser of the slaves, of two thousand eight hundred and forty-nine dollars, on August 1, 1828. At that period the sum of one thousand eight hundred and sixty-three dollars, the net proceeds of the sale of the slaves, must be considered as having been paid to the plaintiffs, one of them being the purchaser at sheriff's sale. This sum taken from two thousand eight hundred and forty-nine dollars, leaves a balance due to them, amounting to nine hundred and eighty-five dollars, which is fairly the amount of damage suffered in consequence of the delay in collecting that debt, caused by the injunction. They now claim interest on this sum at ten per cent. to the period at which the judgment was rendered in the present case. To this we are of opinion they are not legally entitled. The injury or damages which they were suffering under the injunction ceased at its dissolution; at all events at the time when the property was sold and they had

received the price. The damages which had accrued down to the time when the slaves were sold, constitute an unliquidated claim, and no obligation to pay conventional interest arises out of the injunction bond. An agreement to authorise the recovery of such interest, must be an express written promise to pay it.

EASTERN DIS.
*March*, 1833.

We are, therefore, of opinion, that there was error both in the judgment and verdict of the jury in the court below; consequently, it is ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and the verdict set aside; and it is further ordered that the plaintiffs and appellants do recover from the defendant and appellee, the sum of nine hundred and eighty-four dollars, with costs in both courts.