JÓHN McDONOUGH *v.* JEAN PIERRE FOST.

The maker of a note cannot complain of the want of protest, or that it was illegally protested.

Where the price of a sale is payable in several instalments, for each of which a separate note has been given, secured by mortgage, the hypothecary action will lie for the whole price, immediately after the maturity of the first note ; but the terms of the sale must be, cash for the first instalment, and the balance payable as the subsequent instalments respectively become due.

An order of seizure and sale is always granted *ex parte;* no previous notice is required. The notice mentioned in art. 735 of the Code of Practice is not required to be given before the order of seizure and sale, but before the seizure is made ; the object of this notice is, to give the debtor an opportunity of preventing the seizure by an application to the Judge.

Art. 3361 of the Civil Code, so far as it requires proof of the failure of payment to entitle a party to an order of seizure and sale, is repealed by art. 63 of the Code of Practice. Where the hypothecated property is in the hands of the debtor, and the creditor has, besides his hypothecary right, a title importing a confession of judgment, he may have the hypothecated property seized immediately, without any proof of failure of payment. Art. 63 of the Code of Practice dispenses with the necessity of putting the mortgagor *in mora,* before obtaining an order of seizure and sale, if such necessity ever existed.

No other testimony is required to support an order of seizure and sale, than the authentic act containing the confession of judgment.

In an act executed before a notary by a party who signs it by his mark, it is not necessary that it should appear that it was read or explained to him. It will be presumed, if he did not read it himself, that it was read to him by the notary.

APPEAL from the District Court of the First District, *Buchanan,* J.*

*G. Strawbridge,* for the plaintiff.

*Hennen,* for the appellant.

MARTIN, J. The defendant is appellant from an order of seizure and sale, and relies upon an assignment of errors apparent on the face of the record, as follows :

1. Because there was no protest of the note alleged to be due ; nor could there be a legal protest or demand of that which was not yet due.

2. The second note sued on was not yet due, and the allegation

---

* An appeal having been refused in this case, a mandamus was issued to the judge commanding him to allow it. See 14 La., 350.

of non-payment of it when due, was premature, as well as untrue.

3. The notice required by art. 735 of the Code of Practice was not given to the debtor, before the order was obtained. The requiring of such notice is nothing but reasonable, and is in conformity with ancient practice.

4. There was no legal proof of 'failure of payment' given by the plaintiff to obtain this order of seizure and sale, as required by the Civil Code, art. 3361.

5. The defendant was never put in default, as required by the Civil Code, art. 1905; and the mortgage could not be enforced, until the 'failure of payment,' and the default of defendant.

6. The order was for the payment of a debt not yet due, and was therefore illegal; and the demand of the sheriff of the whole debt, interest, and costs, was for more than was due, and was therefore oppressive and unjust.

7. It is apparent on the face of the record that the plaintiff was not entitled to the whole amount of money, which he claimed; the court is bound to notice it. *State* v. *Bank of Louisiana,* 5 La., 327.

8. 'All the testimony adduced on the trial of the case,' comes up with the record, according to the statement and certificate of the clerk and judge; but it was not sufficient to authorize the proceedings.

9. The plaintiff did not adduce any legal evidence to the judge below to show that the defendant assented to the mortgage. For the defendant could not write, as the act shows, and only made his mark thereto, which was not sufficient; and no mention is made in the act that it was read to defendant; and no party unable to read an act is bound by it in consequence of putting a mark to it, unless it appears that the same was read or explained to him.

I. The defendant and appellant being the maker of the note, cannot complain that it was not protested at all, or that it was incorrectly protested.

II. When the price of the sale is to be paid by several instalments, for each of which, a separate note is given, the hypothecary action lies for the whole price immediately after the maturity of the first note. But the terms of the sale must be. cash for the first

McDonough *v.* Fost.

instalment, and as to the subsequent ones, payment as they respectively become payable.

III. The notice mentioned in the Code of Practice, art. 735, is evidently that which the debtor is entitled to before the seizure. The order of seizure and sale is always granted *ex parte;* the law does not require any previous notice. The notice in the part of the Code of Practice cited is a posterior one, or at most a simultaneous one. ' *In obtaining this order of seizure, it shall suffice to give three days notice.*' The notice is not required *before* the order of seizure is obtained, nor *before* the petition for it is presented ; and the object of this notice is that the debtor may prevent the seizure by an application to the judge. For this three days is given him, besides a sufficient time, according to the distance between the place where the notice is given to him and the residence of the judge.

IV. The Civil Code, art. 3361, so far as it required proof of the failure of payment, is repealed by the Code of Practice, art. 63, which provides that ' when the hypothecated property is in the hands of the debtor, and where the creditor, besides his hypothecary right, has against his debtor a title importing a confession of judgment, he shall be entitled to have the hypothecated property seized *immediately*,' *id est*, without any delay to give notice, and without exhibiting legal proof of *failure of payment.*

V. The article of the Code of Practice just cited, dispenses with the necessity of putting the mortgagor *in mora* before an order of seizure issues, if such necessity ever existed.

VI. What we have said on the subject of the second error assigned, is a sufficient answer to the sixth.

VII. So it is to the seventh error. We have been referred to the *State* v. *Bank of Louisiana*, 5 La., 327 ;* but we found no such case in the volume to which we are referred.

VIII. No testimony was in our opinion necessary to support this action. The authentic act containing a confession of judgment sufficed.

IX. Nothing shows the inability of the defendant to read, an inability which does not necessarily result from the inability to

* The case referred to is in 5 Martin, N. S. 327.

write ; and this last inability does not always result from ignorance, it may be caused by infirmity or accident. The presumption is that if the man did not read the act, the notary would have read it or caused it to be read to him.

*Judgment affirmed.*