### WEED AND ANOTHER *vs.* WEED.

The record of a judgment having been amended during the pendency of a writ of error thereon, the amended record becomes the only subsisting record for the consideration of the court.

A motion for a new trial having been granted, unless the plaintiff should remit a certain sum improperly included in his verdict, which he accordingly did, and judgment was rendered for the remainder of the verdict with interest thereon for the time intervening between the verdict and the judgment,—it was held, on a writ of error from the judgment, that the interest was properly added to the verdict, the case falling within the equity of the rule on the subject. (18 Conn., 575.)

It being claimed as error, that the court below required a *remittitur* of a certain sum only, when it should have included therewith several years interest thereon, which it appeared, by the motion for a new trial, had been allowed by the jury in their verdict in connection with said sum,—it was held, that as it did not appear from the record on what ground that sum was required to be remitted, it was impossible for the court to know that the interest in question ought to have been added to it.

And where, on the petition of the original plaintiff, the superior court had corrected the record of its judgment in certain other respects, and at the same time had ordered the plaintiff to indorse on his execution the amount of the interest so claimed to have been improperly included in the judgment, which he had done,—it was held, that that proceeding practically corrected the error, and that the judgment ought not to be set aside for the merely formal error that might remain in the record.

WRIT of error from a judgment rendered by the superior court in Fairfield county, at its October term, 1853. The original action was assumpsit, in which the plaintiff recovered a verdict of $745.85. The defendants filed a motion for a new trial, which was granted, unless the plaintiff should remit the sum of $117, improperly included in the verdict. The motion stated that the plaintiff claimed to recover, among other items, the sum of $117 and interest thereon, from the 1st day of July, 1843, and that the jury rendered a verdict for the plaintiff, including therein the said sum of $117, and interest thereon. The plaintiff remitted said sum, and the court rendered judgment for the remainder of the verdict with interest thereon from the date of the verdict to that of the judgment.

The errors principally relied upon, were, that the court

had required a remittance of the $117 only, when it should have included therewith the interest thereon from July 1, 1843 ; and that interest was included in the judgment, on the remainder of the verdict, for the time intervening between the verdict and the judgment.

Other errors assigned were rendered unimportant by the correction of the record during the pendency of the writ of error. (See *Weed* v. *Weed*, ante, p. 337.) The court, in ordering a correction of the record, had also enjoined the defendants in the original suit from availing themselves in any manner of the erroneous record ; and had ordered the plaintiff therein to indorse on his execution the sum of $57.75, which was admitted to be the amount of the interest on the $117, from July 1, 1843, to the time when the judgment was rendered.

*Hawley* and *Ferris*, for the plaintiffs in error.

1. The allowance of interest on the verdict was erroneous, for the delay was caused by the error of the court and not by the act of the defendant. The rule of the court (18 Conn., 575, rule 6) gives interest on a verdict only against a party moving for a new trial and failing in his motion. Here the defendant succeeded.

2. There should have been a *remittitur* not only of the $117, but of the interest thereon from July 1, 1843, to the time when the judgment was rendered. It appears expressly by the motion for a new trial, that the jury included this interest with the $117 in their verdict.

3. The order of the court, on the application for the correction of the record, does not cure the error, for that was only to indorse the amount on the execution, leaving the judgment just as it was before.

*Dutton* and *Carter*, for defendant in error.

1. The record does not show that any interest on the $117 was included in the judgment. There is no reference to this interest except in the defendant's motion for a new trial ; but this is not properly any part of the record, at least

in its relation to the judgment. It is a mere statement by the judge for the consideration of the court of errors upon the question whether a new trial shall be granted, and can not be used for any other purpose.

2. If the fact can be regarded as appearing on the record, and if it be error in the court to have rendered judgment without requiring a *remittitur* of the interest as well as the principal sum, yet the error is practically and sufficiently cured by the indorsement, under the order of the court, of the amount of this interest on the execution. The plaintiff in error is no longer injured by the error, and no party can take advantage of an error by which he is not injured.

3. Interest on the remainder of the verdict was properly included in the judgment. This part of the verdict was justly due to the plaintiff, and the defendant ought to have paid it. The case falls within the equity of the rule adopted by the court on the subject. 18 Conn., 575;

STORRS, C. J. This writ of error was brought upon the original record of the judgment rendered in the superior court. As that record has, since this writ of error was brought, in consequence of its not stating correctly the proceedings of that court, been amended and corrected by that court, so as to state those proceedings truly and formally, and a new record, on such correction, substituted, it is obvious that the latter is now the only subsisting record of the proceedings and judgment of the superior court in the case, and that the original record is annulled, and consequently, in contemplation of law, has no legal existence. It would therefore be futile, and indeed irregular, to treat it on this writ of error, as a subsisting record or evidence of the proceedings of the superior court. It moreover appears, by reference to the decree of that court, by which its original record was so amended, that the plaintiff in error (the defendant below) was thereby expressly perpetually enjoined from claiming, in any form or place, that the judgment of that court was not as it appears to have been by the amended record; so that, on this ground, it is not competent for the

Weed and another *v.* Weed.

plaintiff in error to avail himself of any error which might be apparent on the record as originally made. Nor does he now undertake to do so. Any question, therefore, which is made, as to the correctness of the judgment of the superior court, must be made upon its judgment as evidenced by the record so amended, and the parties in the present case, waiving the want of technical form in bringing the question of the validity of the judgment, as evidenced by such amended record before us for revision, have, accordingly, treated the case as though the record had been originally made as it now appears in its amended shape; and the question is, whether such record discloses any error in the judgment of the superior court. We are of opinion that it does not.

The first ground on which the plaintiff in error claims that the judgment of the superior court is erroneous, is that the court allowed interest on the sum for which the verdict was rendered, after deducting from that sum the $117, which was remitted by the plaintiff below, (the defendant in error.) The superior court, in pursuance of the advice of this court, refused a new trial in that case, provided the plaintiff should remit that amount, and it was remitted accordingly. It was found that, for the balance, the verdict was right, and that there was no reason for disturbing it. In respect to that balance, as the proper *remittitur* was made, the verdict was established, and a new trial was consequently refused. As the result showed that the collection of the amount of that balance was wrongfully delayed by the motion of the defendant below for a new trial, we think that the case was equitably, if not literally, within the terms of the rule established by the superior court, (18 Conn., 575,) that where a motion for a new trial made by a defendant does not prevail, he shall pay interest on the plaintiff's debt while its collection is delayed by it. The defendant not having paid or offered to the plaintiff the amount to which the latter was rightfully entitled, as he might have done when the judgment was rendered, it is just that he should pay interest while payment of it was thus delayed. On this point, therefore, there is no error.

The only other ground on which the plaintiff in error complains of the judgment below, is that the superior court ought to have required a *remittitur*, not only of the $117, but of the interest on that sum from July 1st, 1843, to the rendition of the judgment at the October term, 1851. It is a conclusive answer to this objection, that it does not appear from the record of the superior court, on what ground, or for what reason, that sum was required to be remitted, or that it was for an item on which it would have been legal or just that the defendant below should be allowed any interest. That such might possibly have been the case, is not a sufficient reason for pronouncing the judgment below to be erroneous; it is for the plaintiff in error to show affirmatively that it is so. The *remittitur* of any sum was for his benefit, and it rests upon him to show that it ought to have been greater. But it appears from the record that the superior court ordered that the plaintiff below should endorse, on the execution upon his judgment, the sum of $57.75, " claimed to have been improperly included in said judgment," without stating on what ground such claim was made. It does not appear from the record how that sum was arrived at, or of what it consisted; but it has been taken for granted, on the argument before us, that it was the amount of interest on the $117, which the plaintiff in error claims should have been allowed on it. If this is the case, he has not received, and can not receive, any injury; and this court has decided, on the motion in error brought from the decree of the superior court, amending the original record in this case, and putting it in its present shape, that there was no error in the decree in directing the endorsement on the execution to be made which is now complained of. *Weed* v. *Weed*, ante, p. 337. To what was then said by us, it may be added, that although the more technical mode might have been to render judgment for the amount of the original judgment, after having deducted therefrom the sum ordered to be endorsed on the execution, yet the judgment, taken in connection with the order, that that sum should be endorsed on the execution, amounted virtually to such a judgment; and

for a merely formal and unsubstantial error of this descrip-
tion, the judgment should not be disturbed.

The judgment of the superior court is therefore affirmed.

In this opinion the other judges, HINMAN and ELLSWORTH,
concurred.

Judgment affirmed.