BONNER et als. *v.* M. A. COPLEY et als.

In an action for the recovery of damages, interest cannot be allowed on the amount found by the verdict or judgment.

And in an action on a bond for the recovery of damages, the rule is the same.

In a suit on a sequestration bond, to recover damages for illegally suing out a writ of sequestration in a possessory action—*Held*: That interest could not be *allowed* on the items of damage found against the defendant.

In such a suit, actual damages are all that the plaintiff is entitled to recover; and the opinions of witnesses cannot form the basis of a verdict. But the witnesses should testify to the facts within their knowledge, and from those facts the jury should find the actual damage sustained by the plaintiff.

Attorney's fees are allowed as damages in cases of this character.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *W. J. Q. Baker,* for plaintiffs. *Morrison & Purvis,* for defendants and appellants.

LAND, J. This suit was commenced on a sequestration bond, to recover the sum of five thousand dollars damages, for illegally suing out a writ of sequestration in a possessory action for a tract of land, by *George W. Copley,* now deceased.

The case was tried by a jury, who found a verdict in favor of the plaintiffs for the sum of $1,686 25, subject to a credit of $250, with eight per cent. per annum interest thereon, from the 1st of March, 1854, to the date of the verdict. The finding of the jury was confirmed by the judgment of the lower court, and the defendants have appealed.

The jury, in their verdict, found each item of damage sustained by the plaintiffs, and gave interest on the same, at the rate of five per cent. per annum, from the date of the issue of the writ of sequestration. Among these items of damage, are two for attorneys' fees,—one for $400, and one for $100, with interest on each from the same date.

This verdict is erroneous in allowing interest on the items of damage found against the defendants, from the date of the writ of sequestration.

In actions for the recovery of damages, interest cannot be allowed on the amount found by the verdict and judgment. 3 An. 702; 1 An. 382; 13 La. 371; 5 La. 328; 2 La. 580; 5 M. 11. And in on action on a bond for the recovery of damages, the rule appears to be the same. See *Poydras* v. *Patin,* 5 La. 328. In such cases, interest is not allowed, even from judicial demand.

The verdict, besides, awards to the plaintiffs excessive damages, on the evidence in the record. The proof of *actual damage,* which is all the plaintiffs are entitled to recover, does not show an actual loss exceeding two hundred and fifty dollars in addition to the fees of counsel incurred in the defence of the sequestration suit. The hypothetical opinions of witnesses cannot form the basis of a verdict in such a case. The witnesses should testify to the facts within their knowledge, and from these facts the jury should find the actual damage sustained by the plaintiff.

We find, however, in this case, the speculative opinions of witnesses, which may have had some influence with the jury in the formation of their verdict, and may account for the excessive damages allowed to the plaintiffs.

The items for attorneys' fees are sustained by the evidence, and may be allowed

as damages, under the decisions of this court in cases of this character. See *Jones* v. *Doles*, 3 An. 588.; *Penny* v. *Taylor*, 5 An. 713.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury be set aside, and that the judgment be reversed; and it is now ordered, adjudged and decreed, that the plaintiffs recover of the defendants *in solido* the sum of seven hundred and fifty dollars, subject to a credit of two hundred and fifty dollars, with interest thereon at the rate of eight per cent. per annum, from the 1st of March, 1854, until the 14th of June, 1860, the date of the judgment of the lower court; and it is further decreed, that defendants pay the costs of the lower court, and that plaintiffs pay the costs of this appeal.