## MOON v. MOON.

1. **Practice:** IN EQUITABLE ACTIONS: SERVICE OF NOTICE. The Supreme Court will not review the finding of the District Court upon the sufficiency of a service of notice by publication in an equitable action, when the transcript does not show that it embraces all the evidence submitted to the court below.

*Appeal from Hardin District Court.*

FRIDAY, JUNE 23.

ON the 15th day of August, 1864, the plaintiff brought her suit for divorce, &c., and caused notice to be served upon defendant, by publication.   At the October Term, 1864, the plaintiff obtained a decree for a divorce, quieting her title to certain real estate and personal property. After this decree was entered, and before any further proceedings were had, the plaintiff intermarried with one Joseph Patterson.   On the 2d day of February, 1865,

the defendant filed his motion to vacate and set aside the judgment rendered at the October Term, for various causes connected with the service, wherein it was alleged to be defective and insufficient. Defendant also filed with the clerk at the same time, a demurrer, answer and cross-bill to the petition filed by plaintiff, and caused notice of the motion, and copies of the answer and cross-bill to be served on that day upon the plaintiff.

At the May Term, 1865, this motion was heard and sustained, so far as related to the property and the right of the defendant to prosecute his cross-bill, but overruled so far as it related to the divorce of the plaintiff, which latter portion of the decree was affirmed. From this order the defendant appeals.

*Polk & Hubbell* and *Moir & Huff* for the appellant.

*E. W. Eastman* for the appellee.

COLE, J. — The decree in the original case found and recited "that the defendant, Alney Moon, has been duly served with notice of the pendency of this suit by publication in the Hardin County Sentinel." One objection as to the sufficiency of the service made by the defendant in his motion, is that there was no affidavit filed prior to the decree, showing that defendant was absent from the State, so that personal service could not be made within it. But it is shown by the affidavit of defendant, accompanying his motion to set aside the judgment, that in fact he was at that time absent from the State, and could not therefore have been served with notice in it.

It was held by this court, *Bonsall* v. *Isett et al.*, 14 Iowa, 309, following several other cases there cited, that "it was the province of this court thus to determine its own jurisdiction over the person of defendants, and if in so doing it errs, the method of correcting the error is by an appeal;

it cannot be passed upon and determined in a collateral proceeding;" and that to set aside a judgment on the ground that no affidavit of the absence of the defendant from the State was filed, when such fact was made apparent by the application to set aside the judgment, would be to perpetuate an "obvious incongruity at the expense of common sense."

Whether any of the objections as to the sufficiency of the service, are well founded, it is not competent for us to determine in this case, for reasons which will be hereafter stated.

It is provided by the Revision, section 3150, that a default may be set aside on such terms as the court may deem just, among which the statute prescribes certain ones as requisite. It is there provided by section 3160, that where a defendant has been served by publication only and has not appeared, he may, at any time within two years, appear and move to have the action retried; and on giving security for costs, may be admitted to make defense. We are not, however, called upon in this case to determine the rights of the defendant under these sections.

This cause, although an equitable action, was triable by the second method, and therefore the evidence is not necessarily, nor, indeed, is it in such cases ordinarily taken by deposition, or otherwise preserved of record. The transcript in this case does not show upon what evidence the cause was tried before the District Court, nor does it appear from the certificate of the clerk, or otherwise, that we have before us a transcript of all the affidavits on file, or other papers in the case. No bond or other security for costs, by defendant, is contained in the transcript. To undertake to retry the cause in this court, upon such a transcript, would be to hazard the determination upon part of the evidence, and therefore of a different cause in this court than the one tried by

1. PRACTICE: in equitable action.

the District Court, and hence to imperil the rights of the appellee.

To justify a review of the action of the District Court in an equitable action, it is necessary that the transcript should show that all the evidence is before us. As to the method in which this may be done, see *Van Orman* v. *Spafford, Clark & Co.*, 16 Iowa, 186; *Anderson* v. *Easton & Son*, Id., 56.

We are the more willing to yield obedience to this rule in this case (and indeed we are not at liberty to disregard it in any) for the reason that it involves the question as to the right of a court to set aside a decree of divorce obtained upon service by publication at any time within two years, although the divorced party may have married, and when to set aside the decree, the rights and immunities of third parties might be so affected as to make them bastards and adulterers.

It is a question of grave importance, one of first impression, and has received no attention whatever at the hands of counsel. As to the question aside from the statute, see Bishop on Marriage and Divorce, § 54, p. 708; Sir JOHN NISHELL, in *Elliott* v. *Gun*, 1 Eng. Eq., 166; *Norton* v. *Saton*, Id., 384; *Welde* v. *Welde*, 2 La., 580–586; *Morris* v. *Webber*, Id., 169; *Bury's Case*, 5 Co., 98; *Kern's Case*, 7 Id., 42; *Conway* v. *Beazley*, 3 Eng. Eq., 242–245.

Under these circumstances we would violate both the rules of practice of this court, and of judicial propriety, were we to attempt to adjudicate the questions involved. We, therefore, cheerfully follow the line of our duty, and order the judgment of the District Court to stand

Affirmed.