## Case No. 5,391.

### GIBSON v. CINCINNATI ENQUIRER.

[2 Flip. 88;[1] 5 Reporter, 135; 5 Cent. Law J. 446; 2 Cin. Law Bul. 268.]

Circuit Court, S. D. Ohio. Nov., 1877.

MOTION FOR NEW TRIAL—VERDICT—INTEREST.

Verdict rendered in favor of plaintiff, but judgment delayed because of motion for new trial: Held, that on overruling the motion the plaintiff is entitled to judgment for the amount of the verdict and interest from the day it was rendered. And the rule applies as well to actions of torts as to those founded upon contracts.

[Cited in Griffith v. Baltimore & O. R. Co., 44 Fed. 585.]

At law.

SWING, District Judge. The plaintiff brought his action for libel against the defendant, and on the 16th day of November, 1876, the jury rendered a verdict in his favor for the sum of $3,875. On the 17th day of November, 1876, the defendant filed a motion for a new trial. This motion was argued by counsel, and submitted to the court at the February term, 1877, and on the 15th day of October the court overruled the motion for a new trial, and ordered judgment to be entered upon the verdict for the amount thereof, with interest from the 3d day of October, 1876, being the first day of the term at which the verdict was rendered. See [Case No. 5,392] for a report of the opinion on that motion. On the 17th day of October, 1877, the defendant filed a motion to modify the judgment, for the reason that no in-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

terest should have been allowed upon the verdict until judgment was entered thereon.

It is insisted by the defendant that interest is the creature of the statute, and that this case does not come within its provisions; that the cause of action was not founded upon contract, but was an action for a tort, and that in such cases interest is only recoverable from the date of the judgment. I think the supreme court of Ohio in Hogg v. Manufacturing Co., 5 Ohio, 416, settled the doctrine that interest may be allowed as well in actions of tort as in those upon contracts. In that case, it is said that a jury may calculate interest upon the amount of damage actually sustained, and add it to their verdict. If the jury in fixing the amount due from the defendant to plaintiff, may give to him interest, certainly the law should give him interest upon the sum which they have returned in his favor, from the date of their verdict. And the supreme court of Virginia, in Lewis v. Arnold, 13 Grat. 464, hold that in regard to interest upon the verdict there is no difference, in principle, between verdicts in actions for torts and upon contracts.

Upon the question of the right of the plaintiff to interest upon the verdict, I can see no difference between a verdict in an action for tort, and a verdict in actions sounding in contract—the verdict in either case fixed the amount due at the time of its rendition, and that amount the party is entitled to have paid him as of that date—and if the payment is delayed him by the act of the defendant, he ought to have interest. Such has been the practice of this court, and such seems to be the current of authority.

In Sproat v. Cutler, Wright, N. P. 157, interest was allowed upon an award from its date, and the court say: "And if it were the verdict of a jury, and judgment had been delayed, we should allow interest if asked." By the statute of Maine in relation to occupying claimants, it is provided that the court shall render for the sum estimated by the jury, but the supreme court of the state, in Winthrop v. Curtis, 4 Greenl. 207, held that the party was entitled to interest from the date of the verdict. The statute of New Hampshire, as ours, allows interest upon judgments without distinction as to the nature of the action in which the judgment is rendered; and the supreme court of that state, in Johnson v. Atlantic & St. L. R. Co., 43 N. H. 410, say: "No solid reason can be given for withholding interest between the finding of the jury and the rendering of the judgment," but inasmuch as the court below had refused interest, and no exception had been taken to the ruling, the writ of review was dismissed. The rule of the supreme court of Connecticut in relation to motion for new trials, is, in substance, that where execution is stayed by reason of reserving a cause on motion for new trial, if judgment be not reversed, interest shall be added to the judgment from the time of the stay. 18 Conn. 575. In Weed v. Weed, 25 Conn. 494, a verdict was rendered in favor of the plaintiff for $745.85. A motion for a new trial was made by the defendant. Some time afterward the court granted the motion unless plaintiff would remit $117. Plaintiff remitted and the court rendered judgment upon the verdict for the balance, including interest from the date of the verdict. The case was taken to the supreme court, and the judgment was affirmed. In Bull v. Ketchum, 2 Denio, 188, the court recognize the doctrine that at common law the plaintiff was entitled to interest on the verdict where delay of the entry of the judgment was occasioned by the defendant. The same doctrine is held in Vredenbergh v. Hallett, 1 Johns. Cas. 27; People v. Gaine, 1 Johns. 343; Lord v. New York, 3 Hill, 430. In Rheim v. Robbins, 20 Iowa, 45, the court held that the interest should have been computed upon the verdict from the time when judgment should have been rendered, thus recognizing the right to interest before judgment. In Kintner v. State, 3 Ind. 86, the court say that judgment upon an award may properly include interest from the date of the award to the date of the judgment. In Buchman v. Davis, 28 Pa. St. 211, the award was filed May 17, 1856, judgment was rendered upon it at the December, term, 1856, and execution issued for judgment with interest from date of filing the award. The court say, "The award made pursuant to the submission, would, like a verdict, draw interest from the date of filing its entry, and is, therefore, no objection to the fi. fa."

I am aware that a different doctrine was announced by that court in Kelsey v. Murphy, 30 Pa. St. 340, but Judge Strong in delivering the opinion of the court in the subsequent case of Irvin v. Hazleton, 37 Pa. St. 465, reviews the decision of the court in Kelsey v. Murphy, and says that it decides nothing more than that "a judgment entered generally operated from the day of its entry, so as to carry interest only from that time," and holds in the case before the court that there was not error in the court below in entering judgment with interest from the date of the verdict.

In North Carolina, in Devereux v. Burgwin, 11 Ired. 491, it was held that interest was not allowable on an award; and in Louisiana, in Bonner v. Copley, 15 La. Ann. 504, it was held that in actions for damages, interest could not be allowed either upon verdicts or judgments. But these cases are certainly against the weight of authority; and I think, both upon principle and authority, that whenever judgment upon the verdict has been delayed by the action of the defendant, the plaintiff is entitled to interest from the date of the verdict.

The judgment, however, in this case is wrong in this, that it is for interest from the first day of the term, when it should have been only from the day of the rendi-

tion of the verdict. It is true that for many purposes the term is regarded as but one day, and in all actions sounding in contract, interest, in this court, is computed to the first day of the term only, so that it is entirely proper that the verdicts and the judgments should draw interest from the first day of the term. But in actions of tort, such as the present, where the jury were not directed to compute the amount which they should find in favor of the plaintiff as of the first day of the term, the judgment should have been for the amount of the verdict with interest from the date of its rendition. The judgment will be modified in accordance with this opinion.