On Rehearing. *
Manning, C. J.
Pargoud sold the Ingleside plantation to Mrs. Richardson, and retained the vendor’s lien and a special mortgage to secure the payment of the purchase price. The first maturing note not having been paid, he obtained an order of seizure and sale of the property. This appeal is from that order. It was heard and decided four years ago. 26 Annual, 672. The defendant prayed a rehearing, which was not acted on by our predecessors. Two dissenting opinions were read, but are not published, maintaining the defendant’s position of the invalidity of the. mortgage for want of stamps. We found the case in that condition last year, and granted the reheariDg.
The vital question in the case is presented by the objection that neither the note, nor the mortgage, were valid, or receivable in evidence, for want of the United States internal revenue stamps required by the Act of Congress. The note was unstamped. The mortgage had not as many stamps as the Act required.
The plaintiff’s counsel appears to rely upon that clause of the U. S. internal revenue law, which permits the non-stamping a note when it is secured by a mortgage, and the mortgage is properly stamped; and upon another clause which allows a mortgage, which has not upon it the requisite quantity of stamps, to be taken before a revenue officer and to be stamped by him with the additional number necessary under the law, which subsequent stamping validates it, and makes it retroactive.
To this, the defendant’s counsel replies that the appeal is from the order of the judge, made upon the evidence before him then — at the moment it'was granted — and not upon the evidence, as it might have been afterwards transformed by the cabalistic touch of the revenue *1288 officer. And he argues that if the evidence in its then condition was insufficient to authorize the order of seizure and sale, no subsequent addition to it, nor after-cure of its then inherent defects, could validate an order which was unlawful when it was made, because the proper legal evidence was not before the judge when he made it.
It is obvious there can be no evidence before us of any subsequent stamping of the mortgage, because the record contains only the evidence on which the judge a quo acted, and we have refused the plaintiffs motion to have produced the original Act of mortgage from the Recorder’s office.
The whole of this dispute is to our minds outside the real question, which is, whether any U. S. internal revenue stamps whatever must be affixed to a note, or a mortgage, in order to make it competent evidence in our State courts. Our convictions are very clear that none are necessary.
The argument, made with great zeal and earnestness before us, in support of the contrary proposition, is that the Constitution of the United States confers upon Congress the power to lay and collect taxes, duties, imposts and excises to pay the debts of the federal government, and in express terms makes that Constitution, and the laws of the United States which shall be made in pursuance thereof, the supreme law of the land, adding that the judges in every State shall be bound thereby, anything in the constitution or laws of any State to the contrary notwithstanding. Const, art. 1. sec. 8. art vi. sec. 2. The conclusion drawn is that as Congress, in providing for the internal revenue of the general government, required that notes and mortgages should be stamped, and punished the failure to comply with its mandate by prohibiting their reception as evidence in any court, and even by pronouncing their nullity — therefore every State court must enforce that law without question of its validity, or of its proper application, being ‘ bound thereby.’
By the s.ame argument we should be compelled to use th'e trial by-jury in any civil cause where the value in controversy exceeds twenty dollars, (7th amendment to U. S. Const.) and we should be prohibited holding any one to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury. (Amendment Y.) And yet we know that civil causes, are, and have been always, tried in this State without a jury, regardless of the value in controversy; and that persons are, and from the beginning of our State government, have been held to answer for many infamous crimes, not capital, upon an information filed by the prosecuting officer, and without the intervention of a grand jury..
Since Maurin v. Martinez, 5 Mart. 436, it has not been doubted that *1289 the provisions of the federal constitution relative to juries refer only to trials in the federal courts, and do not apply to the State tribunals. And earlier than then, it was held that the amendment to the federal constitution, which requires the-intervention of a grand jury relates only to crimes cognisable by the United States, and to criminal 'proceedings in Its courts : Territory v. Hatick, 2 Mart. 88.
When then- the Congress prohibits' a court from receiving in evidence any- unstamped note or mortgage, we must assume that it has reference alone to the United States courts, as its prohibition is only obligatory upon them.
It is said however that nothing is left to inference, since the act of Congress declares that these unstamped instruments are void — that an unstamped note, for instance,-is not a valid obligation, and its payment cannot be enforced. The construction of several of the State courts of this branch of that act is, that the mere fact that the instrument is insufficiently stamped does not render such instrument invalid, but the intent to evade the act does. Sawyer v. Parker, 57 Maine, 39. And in a criminal prosecution it was ruled that the instrument was not void for the want of a stamp in such sense, that an indictment for its forgery would not lie. Cross v. People, 47 Ill. 152. It would seem that unstamped instruments, or instruments insufficiently stamped, are thus supposed to be valid or void, not because they have or. have not stamps upon them, but only when the omission to affix them proceeds from a fraudulent intent; and in accordance with this idea, it was held that the subsequent affixing the stamp negatived the intent to evade the act. Craig v. Dimock, 47 Ill. 308. Not a safe or certain doctrine, it would seem, but one born of a wish to recognise a doubtful power, and at the same time to restrict it within such limits that its exercise would not impinge the authority of the State. It is not needful for us to consider this act in any other aspect than its attempt to impose rules upon the State courts as to the admission of -evidence. It is not within the province of Congress to enact rules regulating the competency' of evidence upon the trial of causes in a State court. The power to lay taxes is undoubted, but it is not broad enough to include the authority to declare that a written instrument of any kind shall not be received as evidence in a State court unless it is stamped. That is a restriction which appertains alone to the legislative authority of the State. In domestic transactions, in no manner connected with the general government, the State has the exclusive power to establish the rules of evidence in her own courts. And this conforms to the decisions of the highest courts in many of the States. Bowlin v. Commonwealth, 2 Bush, (Ky.) 5. Boston v. Nichols, 47 Ill. 353. Hanford v. Obrecht, 49 Ill. 146. Clemens v. Conrad, 19 Mich. 170. Black v. Nettles, 25 Ark. 606. Our impression is that *1290 the same ruling has been made in Massachusetts and Maryland, but we have not now access to the authorities.
Our Codes have authorized orders of seizure and sale to be made upon the production of the note, evidencing the debt, and a certified copy of the authentic act of mortgage providing for its payment and' have defined an authentic Act. Civil Code, art. 2231 new no. 2234, arts. 3360 et seq. new nos. 3397 et seq. Code of Prac. arts. 61 et seq. The instruments offered in evidence by the plaintiff conform to these requirements of our law, and it is not necessary or proper to look beyond, or outside of that law, to ascertain upon what evidence the judge couldi legally issue the order.
The only other ground of objection to the order was, the note .was made'payable at a particular place, and no evidence in an authentic form was before the judge that the note had been presented at that place. It is now settled law that a mortgagee, with a title importing a confession of judgment, may immediately seize the property, if in the hands of the debtor, without proof of failure of payment. McDonough v. Fost, 1 Rob. 295. Neither the allegation nor proof of a previous demand for payment, or presentment at a particular place, is necessary to obtain executory process, although the note is payable at such place. Ripka v. Pope, 5 Annual, 61. Ibid. 187. M’Calop v. Fluker, 12 Annual, 551. Stokes v. Forman, Ibid. 671. Catalogne v. Alva, 13 Annual, 98.
The judgment of our predecessors was an affirmance of that of the district court. We do not place ours upon the same grounds which they did, but we reach the same conclusion.
It is ordered and decreed that the former judgment of this court remain undisturbed.

 The opinion on the original hearing will be found in 26 Annual, 072.