## Kohlsaat v. Crate.

1. INJUNCTIONS—*Damages on Dissolution—Interest.*—The allowance of interest on a claim for damages in the dissolution of an injunction is within the equity of Sec. 3, Ch. 74, R. S.

2. DECREE DISMISSING A BILL — *Necessary Recitations.*—It is not necessary that a decree dismissing a bill upon a hearing should recite that evidence was heard.

Memorandum.—In chancery. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, JR., Judge, presiding. Appeal from an

order assessing damages upon the dissolution of an injunction.  Heard in this court at the March term, 1893, and affirmed.  Opinion filed May 24, 1893.

The opinion states the case.

G. W. STANFORD, attorney for appellant.

DUNCAN & GILBERT, attorneys for appellee.

OPINION OF THE COURT, WATERMAN, J.

This is an appeal from an order of the Circuit Court assessing the sum of $2,227 damages, upon the dissolution of an injunction, which order is in accordance with the mandate of this court.  The order also awarded interest upon such sum from the 14th day of January, 1892, until the date of such assessment.

At a prior time the Circuit Court had dissolved an injunction obtained by appellant, assessed appellee's damages at $500, and dismissed appellant's bill; this decree was reversed and the Circuit Court ordered to make a new assessment, which order resulted in the assessment of the sum of $2,227 damages, and the allowance of interest thereon, as before stated.

· It having been determined by this court and the Supreme Court that appellee was entitled to have had allowed the sum of $2,227 damages, instead of the sum of $500, first fixed by the Circuit Court, it follows that as appellant should have paid to appellee the sum of $2,227 at the date of the first decree, the appellant being now ordered to do what he should have been ordered to do, and should have done, January 14, 1892, it is equitable that he pay interest on said sum of $2,227, from the last mentioned date.  The allowance of interest was within the equity of the statute, Sec. 3, Chap. 74, R. S.  See also Weed v. Weed 25 Conn. 494.

The propriety of the allowance of $2,227 damages, can not be again considered; that question, as already stated, has been finally determined upon a former appeal to this court.

It is urged that appellant has never had a hearing upon the merits of the case presented by him; the decree dismiss-

ing the bill being, it is said, entered upon a mere hearing of a motion to dissolve the injunction.

It is perhaps true that the only evidence heard by the court was that produced before the master, upon an order referring the motion to dissolve the injunction to him, with orders to take testimony thereon, and report the same to the court, any testimony taken to be used on the final hearing of the cause. This the master did. The testimony taken covered all the allegations of the bill, and was such as would have been proper for consideration upon a final hearing; it seems to include all that could be adduced in the case, although it is possible that appellant might be able to bring forward something more.

While it is the case that the bill in this cause is not purely an injunction bill, yet the court could not well pass upon the motion to dissolve without considering the entire case presented by the complainant.

The decree dismissing the bill, first entered, was not appealed from by the complainant; that decree was brought to this court by the present appellee, the complainant not assigning any cross-errors. It would seem that if appellant felt that he had not had such a hearing as he was entitled to, he would have complained of the decree entered on the 14th day of January, 1892, instead of acquiescing therein, as he apparently did.

That decree having been reversed, another decree dismissing the bill was entered December 12, 1892. What application for a hearing, if any, appellant made after the reversal of the first decree, does not appear. Nor does it clearly appear that the decree of December 12, 1892, was not had upon a hearing. The clerk's certificates to the record are neither singly or unitedly, that the copy of the record made is true, perfect and complete, but each is only of certain documents and orders mentioned.

It is not necessary that a decree dismissing a bill upon a hearing should recite that evidence was heard, and there is nothing in the decree as entered that indicates whether a hearing upon the merits was or was not had.

The decree of the Circuit Court is affirmed.