EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. TRIMBLE.[1]

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

No. 367.

1. INSURANCE—CONFLICT OF LAWS—WHAT LAW GOVERNS.
    Where an application to a New York life insurance company for a policy is made in another state, where also the advance premium is paid to the company's agent to be forwarded to the company, under an agreement that the insurance is not to take effect unless the premium is accepted and the risk approved in New York, and, by the terms of the policy issued, all premiums and the policy itself are payable in New York, and proof of death is to be there made, the policy is a New York contract, and the rights of the parties thereunder are governed by the statutes of New York, there being no statute in the other state affecting the rights of the parties.

2. SAME—FORFEITURES—STATUTORY PROVISIONS.
    The statute of New York (Laws 1877, c. 321) prescribing the condition upon which a policy of life insurance may be forfeited for the nonpayment of a premium is mandatory, and its provisions are not subject to be set aside or waived either by the company or the assured, or by both together.

3. ABATEMENT AND REVIVAL—DEATH OF PARTY—SUBSTITUTION OF EXECUTOR—PLEADING.
    Upon suggestion to the court of the death of a plaintiff, where the cause of action survives, the executor or administrator may, upon motion, be substituted as plaintiff, and permitted to prosecute the action, without filing any supplemental pleading showing the transfer of the cause of action. Rev. St. § 955.

4. INTEREST ON VERDICT—MOTION FOR NEW TRIAL.
    A verdict for plaintiff was returned and entered on January 16th, for $8,318. A motion for a new trial having been interposed by defendant, judgment was not entered until January 29th, to which date interest was computed and included, bringing the total to $8,333. *Held*, that this involved no error.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

Burke, Shepard & McGilvra, for plaintiff in error.

Geo. E. De Steiguer, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit was brought upon a policy of assurance issued by the plaintiff in error, a New York corporation, upon the life of one Edward H. Fleming, a then resident of Fresno county, Cal., payable upon his death to his wife, Sallie F. Fleming. Edward H. Fleming having deceased, the suit was begun October 17, 1895, by the beneficiary named in the policy, under the name of Sallie F. Redding; she, subsequent to the death of Fleming, and before the institution of the suit, having married one Redding. Thereafter,

[1] Rehearing denied October 6, 1897.

to wit, February 3, 1896, upon suggestion to the court below of the death of Sallie F. Redding since the beginning of the action, and upon the production of letters of administration with the will annexed granted to William P. Trimble upon the estate of the deceased, Sallie F. Redding, the court, on the application of the administrator, made an order permitting him, as such administrator, to prosecute the action, and substituting him as plaintiff therein, of which due notice was given the defendant's attorneys. The trial of the cause resulted in a judgment for the plaintiff. The main point presented and argued on the part of the plaintiff in error is that the policy sued on was not a New York contract, and therefore not governed by the New York statute in relation to life insurance companies. The facts in relation to that question, it is conceded in the brief for the plaintiff in error, are substantially the same as the facts in the case recently before this court, entitled Equitable Life Assur. Soc. v. Nixon (81 Fed. 796), which case was decided by this court at the last term against the contention of the plaintiff in error. Under the ruling there made, the policy sued on here must be held to be a New York contract, and therefore governed by the statute of that state, which is as follows:

"Section 1. No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post-office address, postage paid by the company, or by an agent of such company or person appointed by it to collect such premium. Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent, or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice: provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for." Laws N. Y. 1877, c. 321.

The decision of this court in the Nixon Case is also conclusive of the second point made by the plaintiff in error in the present case. As there said:

"The statute of New York prescribes the condition upon which a policy may be forfeited for the nonpayment of a premium. The statute is mandatory, and controls the contract. Its provisions are not subject to be set aside or waived either by the company or the assured, or by both together."

The third point made on behalf of the plaintiff in error is to the effect that the filing of a supplemental pleading showing the trans-

fer of the original plaintiff's cause of action to the substituted plaintiff was essential to a recovery by the plaintiff, Trimble, as administrator. No authority is cited in support of this position, and we do not think it well taken. Section 955 of the Revised Statutes provides:

"When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant will answer accordingly; and the court shall hear and determine the cause, and render judgment for or against the executor or administrator, as the case may require. * * * The executor or administrator who becomes a party as aforesaid shall, upon motion to the court, be entitled to a continuance of the suit until the next term of said court."

In Wilson v. Codman's Ex'r, 3 Cranch, 205, 207, Chief Justice Marshall, in delivering the opinion of the court, said:

"The first question which presents itself in this case is, was the defendant entitled to oyer of the letters testamentary at the term succeeding that at which the executor was admitted a plaintiff in the cause? It is contended on the part of the defendant that, on the suggestion of the death of either plaintiff or defendant, a scire facias ought to issue, in order to bring in his representative; or, if a scire facias should not be required, yet that the opposite party should have the same time to plead and make a proper defense as if such process had been actually sued. The words of the act of congress do not seem to countenance this opinion. They contemplate the coming in of the executor as a voluntary act, and give the scire facias to bring him in, if it shall be necessary, and to enable the court 'to render such judgment against the estate of the deceased party' 'as if the executor or administrator had voluntarily made himself a party to the suit.' From the language of the act, this may be done instanter. The opinion that it is to be done on motion, and that the party may immediately proceed to trial, derives strength from the provision that the executor or administrator, so becoming a party, may have one continuance. This provision shows that the legislature supposed the circumstance of making the executor a party to the suit to be no cause of delay. But, as the executor might require time to inform himself of the proper defense, one continuance was allowed him for that purpose. The same reason not extending to the other party, the same indulgence is not extended to him. There is, then, nothing in the act, nor is there anything in the nature of the provision, which should induce an opinion that any delay is to be occasioned where the executor makes himself a party, and is ready to go to trial. Unquestionably, he must show himself to be executor, unless the fact be admitted by the parties; and the defendant may insist on the production of his letters testamentary before he shall be permitted to prosecute; but if the order for his admission, as a party, be made, it is too late to contest the fact of his being an executor. If the court has unguardedly permitted a person to prosecute who has not given satisfactory evidence of his right to do so, it possesses the means of preventing any mischief from the inadvertence, and will undoubtedly employ those means."

The fourth and last point made on behalf of the plaintiff in error is that the judgment appealed from was rendered for a larger sum than that specified in the verdict. The verdict was returned and entered on the 16th of January, 1897, for $8,318. A motion for a new trial having been interposed by the defendant to the suit, the judgment was not entered until January 29th. The amount for which judgment was entered was $8,333, which included interest. In this there was no error. Gibson v. Cincinnati Enquirer, 10 Fed. Cas. 309; Griffith v. Railroad Co., 44 Fed. 574. The judgment is affirmed.