UNITED STATES of America,
Appellant,

v.

E. B. HOUGHAM et al., Appellees.

E. B. HOUGHAM et al., Appellants,

v.

UNITED STATES of America,
Appellee.

No. 17467.

United States Court of Appeals
Ninth Circuit.

March 29, 1962.

William H. Orrick, Jr., Asst. Atty. Gen., Morton Hollander, Herbert E. Morris and Anthony L. Mondello, Attys., Dept. of Justice, Washington, D. C., and Francis C. Whelan, U. S. Atty., Los Angeles, Cal., for appellant.

Conron, Heard & James, by Calvin H. Conron, Jr., Bakersfield, Cal., for appellees.

Before POPE, BARNES and BROWNING, Circuit Judges.

BARNES, Circuit Judges.

This is an appeal and a cross-appeal from an action brought by the United States [1] to recover damages from defendants [2] on the ground that they had fraud-

1. Hereinafter for convenience referred to —in both appeals—as "plaintiff."

2. Appellees and cross-appellants Hougham, et al., are for convenience—in both appeals—referred to as "defendants."

ulently obtained government surplus property in violation of Section 26 of the Surplus Property Act[3] (58 Stat. 765, 50 App.U.S.C.A. § 1635, 1946.Ed.), repealed and re-enacted by § 209 of the Federal Property and Administrative Services Act of 1949 (63 Stat. 377, 392, 40 U.S. C.A. § 489). The district court found defendants guilty as charged on October 18, 1957 and awarded plaintiff damages under Section 26(b) (1) of the Act in the principal sum of $8,000, plus interest. On appeal, this court rejected plaintiff's contention that it was entitled to choose its remedies under subsections (1), (2) or (3) of Section 26(b) of the Act[4].

On *certiorari*, the Supreme Court reversed, holding that plaintiff was entitled to elect the appropriate measure of damages under the Act, and remanded the cause to the district court "with directions to enter judgment for the [plaintiff] under § 26(b) (2) of the * * * Act * * *."[5]

On remand, the district court, on April 11, 1961, entered judgment against defendants in the total principal sum of $159,025.32, less the $8,000 previously awarded and paid by defendants. The district court granted interest on that portion of the judgment over and above $8,000 at seven per cent to run from April 11, 1961 to the date of payment; interest on the additional $151,025.32 from October 18, 1957, the date of the original district court judgment, was denied. The district court denied defendants' claim that plaintiff was only entitled to one-half of the principal amount awarded by the court under Section 26 (b) (2).

Both parties have appealed. This court has jurisdiction to review the judgment entered below under the provisions of Section 1291 of Title 28, United States Code.

The facts need not be reiterated in this opinion. The material facts remain just as they are reported in the Supreme Court's opinion, and as reported in this court's earlier opinion in this case. The parties do not here dispute the facts.

The only question raised herein is one of law. The Supreme Court reversed this court's judgment and held that under the express language of Section 26 (b) (2) of the Act, plaintiff United States, and only that plaintiff, was entitled to elect the theory of damages under which it wished to recover in a particular case brought under this Act; that the courts could not make this choice for plaintiff. (364 U.S. at 317, 81 S.Ct. 13.) The Supreme Court held:

> "The judgment is therefore reversed and the cause remanded to the District Court with directions to enter judgment for the [plaintiff] under § 26(b) (2)." (364 U.S. at 318, 81 S.Ct. at 19.)

Both parties contend the district court committed error in giving effect to the Supreme Court's mandate. We conclude there was no error and deny each appellant relief.

## I

### PLAINTIFF'S APPEAL

Plaintiff contends that the district court erred in denying plaintiff interest at the legal rate on $151,025.32 from October 18, 1957 (the date of entry of the original district court judgment in this case) to April 10, 1961 (the date of entry of the judgment on remand from the Supreme Court, and the judgment from which this appeal is taken).

In other words, plaintiff contends it was entitled to post-judgment interest on the additional damages awarded by the district court on April 10, 1961 from the date of entry of the original (October 18, 1957) judgment. The district court allowed post-judgment interest on the additional damages only from and after entry of its April 10, 1961 judgment. In so doing, plaintiff contends, the district court erred in its application of Section

---

3. Hereinafter for convenience referred to as the "Act."

4. 270 F.2d 290.

5. 364 U.S. 310, 318, 81 S.Ct. 13, 5 L.Ed. 2d 8.

1961 of Title 28, United States Code,[6] to the facts of this case.

There is conflict between the circuits on this question. Each party claims a "white horse case" of its own, and attempts to distinguish away or devitalize its adversary's mount. Plaintiff claims Louisiana & Arkansas Ry. Co. v. Pratt, 5 Cir. 1944, 142 F.2d 847, 153 A.L.R. 851, is the better case and its "equity of the statute" rule should be made the law of this circuit. Defendants, on the other hand, claim Briggs v. Pennsylvania R. Co., 2 Cir. 1948, 164 F.2d 21, 1 A.L.R.2d 475, affirmed 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403,[7] is the better law, and should be made the law of this circuit.

This court must determine what meaning it gives to Section 1961, under the facts here presented. We hold the district court correctly applied Section 1961.

That post-judgment interest should be calculated from the date of the entry of the judgment in which the money damages, upon which interest is to be computed, were in fact awarded, does not do violence to the language of the statute. To illustrate with the facts of this case, to compute interest from April 10, 1961 (rather than from October 18, 1957) when the additional $151,025.32 was in fact awarded to plaintiff, does not violate the terms of Section 1961.

The force of plaintiff's argument lies in equitable precepts. But the courts of appeal may make due allowance for all the equities urged by plaintiff, and still read the statute as is done here; for the courts of appeal may, when justice requires, frame their mandates so that allowance can be made for all of those exceptional factors and circumstances urged by plaintiff. This still allows for certainty of meaning in the statute. Whenever the district court is to apply the statute, it can do so with certainty; if the statute is not to be applied, the court of appeals can expressly so order in its mandate.

In the instant case, the mandate makes no mention of interest. And there is no direct connection between the monetary loss to plaintiff and the amount of damages awarded.[8]

Defendants contested their liability on appeal from the original judgment. On appeal, plaintiff was vindicated, when, and only when, the proper judgment became final. Plaintiff claims that this interpretation will cost it a loss of $37,000 in interest. Such a consequence cannot be escaped in any case where the amount of damages cannot be precisely known prior to final judgment. The law is not perfect. But plaintiff, seeing now only this loss, loses sight of the fact that through the appellate process it gained $151,025.32 which, but for the "imperfect law," it would have lost.

The judgment as to interest commencing on the date the amount became finally fixed is affirmed.

## II

### DEFENDANTS' APPEAL

Defendants contend the district court erred in requiring them to pay damages of $159,025.32, less the $8,000 damages previously paid by them. Does this judg-

---

6. 28 U.S.C. § 1961 (hereinafter simply referred to as "Section 1961") provides:
   "Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

7. The Court held, in a 5–4 decision, the district court's award of interest exceed-

ed the second circuit's mandate and that the district court has no power to enter judgment for an amount different from that directed by the court of appeals. The dissenting members of the Court, without expressing an opinion on the question, were of the view that the Court should resolve the meaning of Section 1961.

8. See discussion re difficulty or impossibility of government proof of its damages. Rex Trailer Co. v. United States, 1956, 350 U.S. 148, 153–154, 76 S.Ct. 219, 100 L.Ed. 149.

ment violate Section 26(b) (2) of the Act?

■ Defendants maintain that since they actually paid $79,512.66 for the goods fraudulently obtained, this amount must be set off or credited to them in the award under Section 26(b) (2), and that, consequently, the judgment below should only require them to pay that amount once again. Otherwise, defendants contend, they are paying three-times, rather than twice, "the consideration agreed to be given."

Section 26(b) [9] provides in pertinent part as follows:

"(b) Every person who shall use or engage in or cause to be used or engaged in any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person * * * from the United States or any Government agency in connection with the disposition of property under this Act; or who enters into an agreement, combination, or conspiracy to do any of the foregoing—

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the costs of suit; or

"(2) shall, if the United States shall so elect, pay to the United States, as liquidated damages, a sum equal to twice the consideration agreed to be given by such person to the United States or any Government agency; or

"(3) shall, if the United States shall so elect, restore to the United States the property thus secured and obtained and the United States shall retain as liquidated damages any consideration given to the United States or any Government agency for such property. * * * *"

Payment of damages under Section 26 (b) (2) is to equal, "as liquidated damages," the amount of a sum "equal to twice the consideration agreed to be given." Here it is not disputed that the consideration agreed to be given by the defendants, and actually paid for the goods fraudulently obtained by them, totaled some $80,000.[10] In our opinion, it follows that the district court correctly assessed liquidated damages in the sum of $160,000, or twice the consideration agreed to be given.

■ On the previous appeal, appellants urged that Section 26(b) (2) did not apply to cash sales, but only to those where the price had not been paid and the goods had not changed hands. That Section 26(b) (2) applies to "executed" (cash paid) sales as well as "executory" (no cash paid and no goods delivered) sales, is established by the Supreme Court. (364 U.S. 310, at 318, 81 S.Ct. 13.) "Plainly", say that Court, "the government suffers just as much from a fraudulent cash sale as from a fraudulent credit sale. An interpretation of Section 26(b) (2) which allows recovery for one but not for the other cannot be accepted."

We think this clearly correct, even were we not required to follow it as the law of the case. If defendants' theory were correct, a wrongdoer with a contract of purchase for which the price had not yet been fully paid to the government could quickly pay up in full, demand the property from the government and despite his fraud, maintain that the government could recover only once more a sum equal to the price agreed upon. Any fraudulent purchase price equal to less

9. Section 26 of the Surplus Property Act of 1944, 58 Stat. 765, 50 U.S.C.App. § 1635, 1946 Ed. (repealed and re-enacted by Section 209 of the Federal Property and Administrative Services Act of 1949, 63 Stat. 377, 392, 40 U.S.C.A. § 489). The 1949 re-enactment made no change ma-

trial here. In addition, all of the sales in question here took place before the 1949 re-enactment.

10. The exact figure is $79,512.66, but, for present purposes, it will for convenience be rounded off to $80,000.

than fifty per cent of the value of the property sold could then produce a certain profit to the fraudulent purchaser.

What appellants fail to consider in their challenge to Section 26(b) (2) is that the goods themselves, and who has possession thereof, must be considered in assessing damages under the Act. Their payment of $80,000, for which they received goods equal in value to at least that sum, cannot be considered, as they contend it should be, as half payment on the damages required under Section 26 (b) (2). It is the purchase price, the *quid pro quo*. It is not part of the assessment of liquidated damages.

A comparison of Section 26(b) (2) with Section 26(b) (3) confirms this view. Section 26(b) (3), like § 26(b) (2) and unlike 26(b) (1), provides a completely liquidated damages formula; assessing damages by permitting the government to obtain, if it so elects, the property fraudulently acquired, and to retain the consideration paid for that property. If the government had elected to proceed under Section 26(b) (3) rather than Section 26(b) (2) (and assuming the property was still in the purchaser's hands so that it could be restored to the government), the government would re-acquire property worth at least $80,000 while retaining the consideration paid of $80,000. Hence, the government would have $160,000 (or two units) while purchasers would have nothing (neither property nor profits). To put plaintiff and defendants here in the same position under Section 26(b) (2), and to "net" the same sum for the government, the district court was required to assess damages of $160,000 since plaintiff had one unit (the purchase price) but defendants also had one unit (the property); a "net" gain to the government of $160,000.

As was said by the Supreme Court in Rex Trailer Co. v. United States, 1956, 350 U.S. 148, at 151–152, 76 S.Ct. 219, 221, 100 L.Ed. 149, with respect to the three alternative remedies provided by Section 26(b) subsections (1), (2) and (3), "All three were recognized as civil remedies by Congress before the bill was passed, and the conclusion is inescapable that each was of the same nature and designed to serve the same purpose."

The contention here advanced by defendants was urged before the sixth circuit in Solomon v. United States, 1960, 276 F.2d 669, certiorari denied, 364 U.S. 890, 81 S.Ct. 219, 5 L.Ed.2d 186, rehearing denied, 364 U.S. 939, 81 S.Ct. 376, 5 L.Ed.2d 371. In Solomon, as here, judgment was entered against certain defendants for fraudulent acquisition of surplus property under Section 26(b) (2). The transaction, as here, was an executed one in which the property and the purchase price exchange hands. Damages assessed under Section 26(b) (2) amounted to a figure twice the sum of the consideration agreed upon and paid. On appeal, defendants there contended that since the consideration had been paid, it should be credited against the liquidated damages provided for in Section 26(b) (2) and that they should be required to pay only a sum equal to the consideration paid. The contention was rejected by the sixth circuit, which held that this argument found "no support in the language of the statute." (276 F.2d at 674.)

The Supreme Court denied certiorari in the Solomon case. Subsequent to the denial of this writ, petitioners there filed a petition for rehearing which raised the very point asserted by defendants here. That petition was denied. (364 U.S. 939, 81 S.Ct. 376.) On the very same day, in a consecutive order, the Supreme Court denied leave to file a petition for rehearing submitted by defendants in the instant case, which, like the Solomon petition, raised the same contention now urged by defendants in the instant appeal. (364 U.S. 939, 81 S.Ct. 376.) We therefore hold the district court correctly applied Section 26(b) (2) in the instant case, and that defendants' contentions are without merit.

The amount of damages awarded is affirmed; as is the judgment below in all respects.