LEW WENZEL & COMPANY OF SOUTHERN CALIFORNIA, INC.,
Plaintiff-Appellee,

v.

LONDON LITHO SUPPLY CO., INC.,
Defendant and
Counterclaimant-Appellant.

No. 76–2720.

United States Court of Appeals,
Ninth Circuit.

Nov. 4, 1977.

Morton Minikes, Los Angeles, Cal., argued for defendant and counterclaimant-appellant.

Hal L. Coskey, Los Angeles, Cal., argued for plaintiff-appellee.

Before ELY, HUFSTEDLER and ANDERSON, Circuit Judges.

PER CURIAM:

In this diversity case, London Litho Supply Co., Inc. ("Litho") appeals from a judgment on remand contending that the district court improperly interpreted our remand from the prior appeal and, accordingly, impermissibly allowed Wenzel & Company ("Wenzel") an award of attorney's fees and incorrectly awarded Wenzel post-judgment interest from the date that the original judgment was entered, rather than from the date upon which judgment was entered after remand. We affirm.

Wenzel sued Joseph London and Litho on alternative theories of tort and breach of contract, seeking damages for injuries arising out of Litho's and London's purchase of Wenzel's business. The district court awarded no compensatory damages against London, but it awarded punitive damages against him. Next, the court awarded both compensatory and punitive damages against Litho. On the first appeal, we held that, applying California law, punitive damages could not be awarded against London, because no compensatory damages had been awarded against him. We also overturned the punitive damages award against Litho,

because, while the district court had awarded compensatory damages for breach of contract, it had not awarded damages on the tort theory. Again, applying California law, we held that punitive damages could not be annexed to compensatory damages awarded for breach of a sales contract. Separate compensatory damages were not the subject of adequate findings on the tort theory. Although Wenzel could have potentially recovered on either the tort theory or the contract theory, "[D]amages cannot be awarded under both contract and tort theories, nor can they be awarded for punitive damages under any contract theory." We affirmed in part, reversed in part, and remanded the case to the district court to permit Wenzel to elect its remedy and to permit damages to be "accordingly reassessed."

When the case was returned to the district court, Wenzel elected its contract theory and was permitted to amend its complaint to seek attorney's fees in accordance with a contract provision authorizing recovery of such fees. The district court entered a new judgment, consisting of the compensatory damages originally awarded, plus $15,000 attorney's fees, plus post-judgment interest on the former award beginning from the entry of the original judgment on April 5, 1974.

I

■ Litho contends that the district court disobeyed this court's mandate by permitting the amendment of the complaint to include a claim for attorney's fees on the ground that our mandate confined the district court upon remand to a reassessment of damages based solely on the prior record. No disobedience of our mandate is involved. Once Wenzel elected the contract theory, it was entitled on the prior record to attorney's fees as a matter of statutory right, as if those fees were "costs," under the applicable California law. California Civil Code Section 1717 provides:

> "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred

to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

The " 'prevailing party's' right to attorneys' fees under section 1717 is a statutory right. [Citations omitted] [A]ttorneys' fees awarded under Civil Code section 1717 are 'costs' . . . ." (*T.E.D. Bearing Co. v. Walter E. Heller & Co.* (1974) 38 Cal.App.3d 59, 64, 112 Cal.Rptr. 910, 914.) Such statutory fees are not damages and need not be specially averred. (*Ibid.*)

Of course, if Wenzel, on remand, had elected the tort, rather than the contract remedy, it would have been entitled neither to attorney's fees nor to post-judgment interest dating from the entry of the original judgment. Under such circumstances, the contract provision allowing attorney's fees would have been inapplicable and, since no compensatory damages had been earlier assessed for the tort, no post-judgment interest on that non-existent sum could have been awarded.

When Wenzel elected its contract remedy, nothing remained to be tried. Contract damages had theretofore been assessed, and we had not overturned that damage finding. Attorney's fees, in the nature of costs, were added as a matter of California statutory right. All that remained for the district court to do was to determine the amount of attorney's fees and to sign the judgment for the earlier determined compensatory damages, attorney's fees and other costs, together with post-judgment interest.

The calculation of post-judgment interest is governed by 28 U.S.C. § 1961, with its direction that interest shall run "from the date of the entry of the judgment, at the rate allowed by State law." In this case, there were two entries of judgment— the original judgment and the judgment on remand. Post-judgment interest runs from the date of the original entry of judgment on the compensatory damage award given for breach of contract. We agree with the district court's conclusion that post-judgment interest should not be awarded on the $15,000 attorney's fees until after entry of the second judgment. Such fees could have been awarded only on the contract and, until Wenzel elected the contract remedy after remand, the district court did not have a basis for awarding Wenzel statutory attorney's fees. The district court correctly separated the two judgments for this purpose.

AFFIRMED.