HANDGARDS, INC., a corporation,
Plaintiff,

v.

ETHICON, INC., a corporation,
Defendant.

No. C–49451 SAW.

United States District Court,
N.D. California.

Dec. 13, 1982.

Blecher & Collins, Maxwell M. Blecher, Consuelo S. Woodhead, Los Angeles, Cal., for plaintiff.

David F. Dobbins, Dunne, Phelps, Mills & Jackson, San Francisco, Cal., Thomas C. Morrison, Patterson, Belknap, Webb & Tyler, New York City, for defendant.

ORDER DENYING MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, FIXING THE APPLICABLE RATES AND PERIODS OF INTEREST ON THE JUDGMENT, AND AWARDING ATTORNEY'S FEES

WEIGEL, District Judge.

The first trial of this antitrust action resulted in a jury award on March 1, 1976,

of $6,219,000 after trebling. On appeal, the Court of Appeals for the Ninth Circuit reversed the judgment on the grounds of error in the trial court's instructions to the jury and remanded for a new trial. *See Handgards, Inc. v. Ethicon, Inc.,* 601 F.2d 986 (9th Cir.1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980). On August 6, 1982, following a new trial, a jury awarded plaintiff damages after trebling of $10,761,993. Defendant moves for judgment notwithstanding the verdict or, in the alternative, for a new trial. Plaintiff moves the Court to fix the applicable rates and periods of interest on the judgment and to award attorney's fees.

### Defendant's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial

A motion for judgment notwithstanding the verdict is properly granted only "if, without accounting for the credibility of the witnesses, * * * the evidence and its inferences, considered as a whole and viewed in the light most favorable to the nonmoving party, can support only one reasonable conclusion—that the moving party is entitled to judgment notwithstanding the adverse verdict." *William Inglis & Sons Baking Co. v. ITT Cont. Baking Co.,* 668 F.2d 1014, 1026 (9th Cir.1982). A new trial is appropriate if "the jury's verdict was clearly contrary to the weight of the evidence." *Id.* at 1027. The record in this case reasonably supports the jury's verdict. Consequently, defendant is entitled to neither judgment notwithstanding the verdict nor a new trial.

### Plaintiff's Motion to Fix the Applicable Rates and Periods of Interest on the Judgment

The parties agree that plaintiff is entitled to post-judgment interest at the lawful rate from the date of the present judgment, August 6, 1982. 28 U.S.C. § 1961 provides that "interest should be allowed on any money judgment in a civil case recovered in a district court." For periods prior to October 1, 1982, interest is to be determined "at the rate allowed by state law." *Id.* (1982). 28 U.S.C. § 1961 was recently amended to provide, effective October 1, 1982, that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. * * * *" Section 302 of the Federal Court Improvements Act of 1982, P.L. 97–164, 96 Stat. 55.

The parties differ, however, over whether plaintiff should receive interest on the amount of the first judgment from the date of its entry on March 1, 1976. It is well settled that interest on that part of a judgment affirmed on appeal should be computed from the date of the judgment's initial entry. *See Kneeland v. American Loan & Trust Co.,* 138 U.S. 509, 511, 11 S.Ct. 426, 427, 34 L.Ed. 1052 (1891); *Lew Wenzel & Co. v. London Litho Supply Co.,* 563 F.2d 1367, 1369 (9th Cir.1977); *Perkins v. Standard Oil,* 487 F.2d 672, 676 (9th Cir.1973); *United States v. Hougham,* 301 F.2d 133, 134–35 (9th Cir.1962).

The Court of Appeals for the Ninth Circuit has recently expanded this rule in *Mt. Hood Stages, Inc. v. Greyhound Corp.,* 616 F.2d 394 (9th Cir.1980), and *Twin City Sportservice v. Charles O. Finley & Co.,* 676 F.2d 1291 (9th Cir.1982). In *Mt. Hood,* the Supreme Court reversed in part the district court's award of damages on the ground that the relevant statute of limitations had expired, and remanded for determination of whether tolling of the statute was justified on equitable principles. *See Greyhound Corp. v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 98 S.Ct. 2370, 57 L.Ed.2d 239 (1978). The district court on remand found that equitable tolling was justified, and awarded the same amount of damages it had originally granted. On appeal, the Court of Appeals for the Ninth Circuit upheld the district court's award of interest on the entire judgment from the date of its original entry. 616 F.2d at 407. The Court of Appeals

expressly declined to follow those cases holding that interest does not accrue on a vacated judgment. *See id.*

In *Twin City*, the district court found the defendant had committed four antitrust violations and awarded damages. The Court of Appeals reversed the district court's legal conclusions with respect to all four violations. On remand, and after receiving new evidence, the district court found the defendant had committed two of the violations, and awarded the same amount of damages as after the first trial, but granted interest only from the date of the second judgment. On appeal, the Court of Appeals reversed in part and awarded interest from the date of the first judgment, despite the fact that "the issue of antitrust liability was not firmly settled until the post-remand judgment[] * * * *" 676 F.2d at 1311.

■ In this case the first judgment was reversed by the Court of Appeals on the grounds of error in the Court's instructions to the jury and insufficient evidence to support a jury charge on one of plaintiff's two theories of liability. *See Handgards, Inc. v. Ethicon, Inc.,* 601 F.2d 986, 995 n. 15 (9th Cir.1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980). After a new trial, a jury awarded damages in an amount larger than the first judgment.

Although here, unlike *Mt. Hood* and *Twin City,* the second judgment is larger than the first, that fact should not preclude an award of interest on the first judgment from the date of its entry. In this case, as in *Twin City,* antitrust liability was not established until the second judgment. In addition, in both cases the second judgment was entered only after a new trial was held or new evidence received. Similarly, in both cases the second judgment was based upon only some of the theories of liability that supported the first judgment.

A plaintiff's right to post-judgment interest should not hinge on the fortuity that on remand the finder of fact will award the *exact* amount of damages awarded at the first trial. Furthermore, if interest is not allowed on the first judgment from the date of its entry simply because the first and second judgments are not for the same amount, then a successful plaintiff could be penalized for receiving a second judgment larger than the first judgment. A second judgment that is larger than the first could result in a lower total recovery of principal plus interest by a successful plaintiff than were the two judgments for the same amount. Defendant's contention that calculating interest on different parts of the judgment from different dates would "plunge[] the Court into an unprecedented exercise in splitting the current judgment" is meritless. Such calculations are a familiar task for courts. *See e.g., Lew Wenzel & Co., supra; Perkins, supra.* Hence, plaintiff is entitled to interest on the first judgment from March 1, 1976.

### Plaintiff's Motion to Award Attorney's Fees

A prevailing plaintiff in an antitrust action is entitled to "a reasonable attorney's fee" pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15. The appropriate method for determining a reasonable fee is to multiply the number of hours worked by the customary hourly rate of compensation for like services. The resulting "lodestar" figure is then adjusted based on the novelty and difficulty of the questions raised, the results of the litigation, the experience and ability of the attorneys, attorney's fees awards in similar cases, and like factors. *See, e.g., Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

Plaintiff requests an attorney's fee of $2.5 million. By contrast, defendant urges that no more than $618,633 be awarded as a reasonable fee. The Court finds that reasonable attorney's fees for the first trial, the subsequent appeal, and the second trial are $1,064,943.10.

On July 13, 1976, Judge Orrick awarded plaintiffs $498,955 following the first trial as a reasonable attorney's fee in the action. Judge Orrick reached this figure by multi-

plying the number of hours he found to be compensable, 4,223, by an average hourly rate of $85, and then increasing the resulting lodestar figure by $140,000, equivalent to a multiplier of approximately 1.39.

■ Defendant urges that the Court not increase the award made by Judge Orrick for work performed prior to the first judgment. Plaintiff argues that Judge Orrick's award should be increased in two respects. First, plaintiff asserts that the 1350 hours that Judge Orrick subtracted as spent in pursuit of unsuccessful claims should be compensated based upon the recent decision of the Court of Appeals for the Ninth Circuit in *Twin City Sportservice v. Charles O. Finley & Co.,* 676 F.2d 1291 (9th Cir.1982). Plaintiff misconstrues the rule enunciated in *Twin City,* and thus is not entitled to compensation for those hours. *See id.* at 1316 (work on claims unrelated to the successful recovery of antitrust damages may be excluded from award). Second, plaintiff claims that the appropriate hourly rate at which it should be compensated is that of the time of the petition and not the historical rate in force at the time the services were rendered, and that the current average rate for plaintiff's counsel is $150 per hour. In protracted antitrust litigation, a successful plaintiff's attorney should be compensated for delay in the payment for services rendered. A court may do so either by adopting a current hourly rate or by increasing the multiplier used to adjust the lodestar figure. *See Virginia Academy of Clinical Psychologists v. Blue Shield,* 543 F.Supp. 126, 144 (E.D.Va.1982); *Chrapliwy v. Uniroyal,* 509 F.Supp. 442, 457–58 (N.D. Ind.1981); *Weiss v. Drew Nat'l Corp.,* 465 F.Supp. 548, 552–53 (S.D.N.Y.1979). Thus, in this case the Court may either use a current hourly rate to compensate work done prior to the first judgment or increase Judge Orrick's multiplier of 1.39 to adjust for the additional delay endured by plaintiff's counsel since the first judgment on March 1, 1976.

Rather than simply adding delay in receipt of payment to the already long list of factors to be considered in determining an appropriate multiplier, *see, e.g., Virginia Academy, supra,* at 131 & n. 5, a current hourly rate will be used to compute plaintiff's attorney's fees. This method more directly adjusts the award for the combined effects of delay in payment and inflation. *See Virginia Academy, supra,* at 144; *Chrapliwy, supra,* at 458.

■ Plaintiff urges that a current hourly rate of $150 per hour be used to determine the award. Taking into account the skill and experience of plaintiff's counsel, the Court finds that a rate of $115 per hour is justified. In addition, although plaintiff's counsel submit that their current billing rates are $190 per hour for Mr. Blecher, $150 per hour for Mr. Bennett, and $125 per hour for Ms. Bennett, considerable work over the course of the litigation has been performed by associates for whom plaintiff provides no hourly rate. Hence a lower hourly rate of $115 per hour is warranted.

Applying the $115 per hour rate to the 4,223 hours Judge Orrick found properly compensable yields a lodestar figure of $485,645. Multiplying the lodestar by Judge Orrick's multiplier of 1.39 results in an attorney's fee for work done prior to Judge Orrick's award of $675,046.55.

Plaintiff asserts that a total of 3,005 lawyer hours, plus 265 paralegal hours, have been spent in prosecuting the case since the first judgment. Defendant urges that various deductions be made from this figure for hours spent on unsuccessful claims, for hours spent prior to Judge Orrick's award, for unproductive work, and for excessive trial preparation. First, 300 hours must be deducted for work spent unproductively and on unsuccessful claims. Because the Blecher firm has failed adequately to support the fees requested with contemporaneously maintained time records, "the Court must * * * make [these] reductions in the fee requested." *In Re Equity Funding Corp. of America Securities,* 438 F.Supp. 1303, 1328 (C.D.Cal.1977). Second, based on the time records submitted by plaintiff's counsel, 328.75 hours must be subtracted for time spent prior to Judge Orrick's award and already compensated in that award.

Finally, 20 hours must be deducted for time spent on plaintiff's attorney's fees request, which is not compensable. *See, e.g., Locklin v. Day-Glo Color Corp.*, 378 F.Supp. 423 (N.D.Ill.1974). These deductions result in a total number of compensable lawyer hours of 2,356.25.

Multiplying the number of compensable hours by the current average hourly rate of $115 per hour results in a lodestar award of $270,968.75. When increased by the multiplier of 1.39, which the Court finds appropriate for work done after the first judgment as well as for services provided prior to that date, this figure rises to $376,646.56. Adding $13,250 to this figure for 265 paralegal hours compensated at $50 per hour results in a total award for work done after Judge Orrick's award of $389,896.56. Hence the total attorney's fee for work done in this action, both before and after the first judgment, is $1,064,943.10.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial is denied.

IT IS FURTHER HEREBY ORDERED that the Judgment entered herein on August 6, 1982, be supplemented to provide as follows:

1. As to Six Million Two Hundred Nineteen Thousand Dollars ($6,219,000) of the present judgment, interest shall accrue at the legal rate in California of seven (7) percent from March 1, 1976, through August 6, 1982.

2. As to the whole of the present judgment plus attorney's fees awarded herein, a total of Eleven Million Eight Hundred Twenty-Six Thousand Nine Hundred Thirty-Six Dollars and Ten Cents ($11,826,-936.10), interest shall accrue at the legal rate in California of seven (7) percent from August 6, 1982, through September 30, 1982, and from October 1, 1982, forward until paid at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

IT IS FURTHER HEREBY ORDERED that plaintiff is awarded attorney's fees in this action in the sum of One Million Sixty-Four Thousand Nine Hundred Forty-Three Dollars and Ten Cents ($1,064,943.10).