**James TURNER, Plaintiff-Appellant and Cross-Appellee,**

v.

**JAPAN LINES, LTD., and Philippine President Lines Inc., Manila, Defendants-Appellees and Cross-Appellants.**

**Nos. 79-4060, 79-4062 and 79-4182.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1982.

Decided Feb. 8, 1983.

Raymond J. Conboy, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for Turner.

Paul N. Daigle, and Ridgway K. Foley, Jr., Schwabe, Williamson, Wyatt, Moore & Roberts, John R. Brooke, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for Japan Lines.

Before FLETCHER and FERGUSON, Circuit Judges, and GRANT,* District Judge.

PER CURIAM.

On July 27, 1981, we issued an opinion in this case holding that the trial court had improperly granted judgment n.o.v. in favor of the defendants.[1] 651 F.2d 1300. Our reversal of the judgment of the district court will result, on remand, in the reinstatement of the jury verdict for the plaintiff rendered on October 6, 1978.

Following the denial of petitions for certiorari by the Supreme Court and before our mandate issued, plaintiff moved that the mandate be amended to include interest from the October 6, 1978 date of the jury verdict until payment by defendants. We granted a stay of mandate pending further order of the court on November 12, 1982.

I.  *Allowance of Interest.*

Fed.R.App.P. 37 provides that where "a judgment is . . . reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest." While Rule 37 emphasizes that

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

1. Following the rendition of the jury verdict for plaintiff on October 6, 1978, the clerk of the district court entered judgment for plaintiff on October 10, 1978. The defendants then filed timely motions for judgment notwithstanding the verdict, which the district court granted. The clerk entered a judgment of dismissal for defendants on January 11, 1979, from which appeals to this court were taken.

the appellate court is responsible for determining whether a judgment entered on remand is to include interest for any period of time before the entry of judgment on remand, the rule does not state the source of the appellate court's authority to order interest to run before entry of the judgment on remand. We find authority under 28 U.S.C. § 1961 (1976) for allowance of interest from October 6, 1978, the date on which the original jury verdict was entered in favor of plaintiff, until payment by defendants.

■ Section 1961 states that interest "shall be allowed on any money judgment in a civil case recovered in a district court," to "be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961 (1976). Where a district court judgment in favor of plaintiff is affirmed in whole or in part on appeal, the date of entry of the judgment referred to in section 1961 is the date on which the original judgment in favor of plaintiff was entered in the initial trial court proceeding and not the date of affirmance on appeal or the date of the judgment on remand. *Perkins v. Standard Oil Co.*, 487 F.2d 672, 674 (9th Cir.1973) (interest allowed from date of prior judgment on portion of damages award affirmed on appeal); *Kotsopoulos v. Astoria Shipping Co. S.A.*, 467 F.2d 91, 94 (2d Cir.1972) (interest allowed from date of prior judgment affirmed on appeal, even though plaintiff's appeal for higher award denied). *But see Harris v. Chicago Great Western Railway Co.*, 197 F.2d 829 (7th Cir.1952) (interest allowed only from date of entry of judgment on remand and not from date of entry of earlier judgment, where amount of damages affirmed on appeal was less than the amount of damages in verdict, even though verdict formed basis of second judgment). Similarly, where a judgment for plaintiff is vacated on appeal but a judgment for plaintiff for the same amount of damages incurred during the same period is entered on remand, the date of entry of the judgment of section 1961 is the date on which the first judgment for plaintiff was entered in the trial court proceedings. *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d

1291, 1311–12 (9th Cir.1982); *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394, 406 (9th Cir.1980); *Lew Wenzel & Co. v. London Litho Supply Co.*, 563 F.2d 1367, 1369 (9th Cir.1977).

■ On the other hand, where a district court judgment in favor of defendant is reversed on appeal or a judgment in favor of plaintiff is vacated on appeal and, upon remand, a new trial is held resulting in a verdict and judgment for plaintiff, the date referred to in section 1961 is the date of the entry of the judgment after the new trial on remand. *Ashland Oil, Inc. v. Phillips Petroleum Co.*, 607 F.2d 335, 336 (10th Cir. 1979) (interest allowed only from date of entry of judgment on remand where new award of damages, based on "additional facts" determined on remand); *Lew Wenzel*, 563 F.2d at 1369 (interest allowed only from date of judgment on remand on attorneys' fee portion of damages awarded only on remand); *Hysell v. Iowa Public Service Co.*, 559 F.2d 468, 476–77 (8th Cir.1977) (interest allowed only from date of judgment on remand where district court made new award of damages upon remand after earlier judgment vacated on appeal).

The proper operation of section 1961 is not immediately apparent in this case, where no new trial will be held on remand because a previous judgment n.o.v. has been vacated and the original verdict allowed to stand. Section 1961 does not state whether the "date of the entry of the judgment" referred to in the statute is the date of entry of the actual judgment upon which the plaintiff recovers its damages or the date upon which the plaintiff's judgment should have been entered had the district court not erroneously granted judgment n.o.v.

The Second Circuit, reasoning narrowly that "entry of the judgment" means entry of the actual judgment without which plaintiff could not recover against defendant, has construed section 1961 to permit allowance of interest only from the date of entry of judgment upon remand on the mandate of the court of appeals. *Powers v.*

*New York Central Railroad Co.,* 251 F.2d 813, 818 (2d Cir.1958) (2–1 decision); *Briggs v. Pennsylvania Railroad Co.,* 164 F.2d 21, 22 (2d Cir.1947), *aff'd on other grounds,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948).

In contrast, the Fifth Circuit has given section 1961 an "equitable" construction to allow interest to run from the date the judgment should have been entered on the verdict for plaintiff had no judgment n.o.v. been granted. The date of the verdict—not the date of entry of judgment for plaintiff after reversal of the judgment n.o.v. on appeal—has been held to be the controlling date. *Louisiana & Arkansas Railway v. Pratt,* 142 F.2d 847, 849 (5th Cir.1944). In support of its "equitable" construction of section 1961, the *Pratt* court noted that the Supreme Court itself, looking to the "equity" of the statute, had given the predecessor to section 1961 a broad interpretation so as to allow interest on a sum determined by the comptroller of the currency that had the certainty of a judgment but had not in fact been reduced to judgment and thus was not "within ... the letter" of the statute. 142 F.2d at 849 (describing *National Bank v. Mechanics' National Bank,* 94 U.S. 437, 439, 24 L.Ed. 176 (1876)). In *Pratt,* basing its reasoning on the "equity" of the statute suggested by the Supreme Court 68 years earlier, the Fifth Circuit construed section 1961 to permit interest from the date of the verdict for plaintiff, since that was the date judgment should

have been entered "forthwith" on the verdict under Fed.R.Civ.P. 58.[2]  142 F.2d at 849. *See Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033, 1048 (5th Cir.1970) (section 1961 interest allowed from date of jury verdict even though judgment entered 7 months later upon denial of motion for new trial, since jury instructed to calculate verdict as if plaintiff were "paid now in cash" on verdict day).

Our court has not directly addressed the question of the interpretation of section 1961 in the context of an erroneously granted judgment n.o.v. that is reversed on appeal.[3]  In *Equitable Life Assurance Society v. Trimble,* 83 F. 85, 87 (9th Cir.1897), however, we held that "there was no error" when, subsequent to the return of verdict on January 16, 1897, in the amount of $8,318, the district court entered judgment on January 29, 1897, in the amount of $8,333 to account for 13 days of interest. While the legal basis for the district court's action is not indicated in *Trimble* and while the case does not directly involve a reversal and entry of a new judgment on remand, *Trimble* does suggest that the plaintiff should not properly bear the cost of the loss of use of the money judgment for the period between verdict and entry of judgment.

Seven decades later, without mentioning *Trimble,* but with a similar sense of the equities of the situation, we indicated strong approval of the Fifth Circuit approach. In *Perkins v. Standard Oil Co.,* 487

**2.** In subsequent Fifth Circuit cases a slightly different equitable construction was occasionally applied in the allowance of section 1961 interest. In two cases, following the reversal of a judgment n.o.v., interest was allowed to run from the date of entry of the erroneous judgment n.o.v. *Woods Exploration & Producing Co. v. Aluminum Co. of Am.,* 509 F.2d 784, 789 (5th Cir.1975); *Givens v. Missouri-Kansas-Texas R.R.,* 196 F.2d 905, 906 (5th Cir.1952). In another case, interest was allowed from the date of submission of briefs on a motion for judgment n.o.v. *Wright v. Paramount-Richards Theatres, Inc.,* 198 F.2d 303, 308 (5th Cir. 1952); Note, *Interest on Judgments in the Federal Courts,* 64 Yale L.J. 1019, 1035 n. 81 (1955) (describing *Wright*). Using solely the date of verdict to commence the running of § 1961 interest, however, produces a much more uniform and theoretically sound result.

**3.** In *United States v. Hougham,* 301 F.2d 133, 135 (9th Cir.1962), we may have indicated in dictum a preference for the narrow interpretation of section 1961 espoused by the Second Circuit. By stating that section 1961 "interest should be calculated from the date of the entry of the *judgment* in which the money damages ... were *in fact awarded*" (emphasis added), *id.,* we appear to sanction, in the case of a reversal of a judgment n.o.v. and the entry of a new judgment on remand, the allowance of interest only from the date of the entry of judgment on remand. In *Hougham,* however, no decision or verdict on the damages in question had in fact been rendered in favor of plaintiff until remand to the district court, *id.* at 134, and no policy considerations were elaborated. *Hougham* is thus not dispositive in this case.

F.2d 672, 676 (9th Cir.1973), we sustained the allowance of interest from the date of entry of an earlier judgment even though the size of the judgment was reduced on appeal and a new judgment entered on remand. We stated as an alternative ground for our holding that "interest should run from the date of entry of the original judgment because that is the date on which the correct judgment should have been entered." *Id.* Although *Perkins* is not dispositive of our case, it is in harmony with the Fifth Circuit approach.

■ The purpose of awarding interest to a party recovering a money judgment is, of course, to compensate the wronged person for being deprived of the monetary value of the loss from the time of the loss to the payment of the money judgment. Note, *Interest on Judgments in the Federal Courts,* 64 Yale L.J. 1019, 1019 (1955) (citing cases): *see Young v. Godbe,* 82 U.S. (15 Wall.) 562, 565, 21 L.Ed. 250 (1872); *Kotso-*

*poulos,* 467 F.2d at 94; *Powers,* 251 F.2d at 819 (Lumbard, J., dissenting). A jury verdict or trial court decision in favor of plaintiff should ordinarily include, as part of the damages award, interest on the monetary loss resulting from the breach or injury from the date of breach or injury to the date of ascertainment of damages, whether such interest be denominated prejudgment interest or interest by way of damages.[4] Where judgment is entered promptly on the verdict, section 1961 ensures that the plaintiff is further compensated for being deprived of the monetary value of the loss from the date of ascertainment of damages until payment by defendant. *Powers,* 251 F.2d at 819 (Lumbard, J., dissenting).

■ Where, as here, the initial ascertainment of damages is left standing but a delay occurs between the date of that ascertainment and the date of the eventual entry of judgment based on that ascertainment, the result should not differ.[5] The real issue lurking behind the proper inter-

4. Most jurisdictions have prejudgment interest statutes which authorize the awarding of interest on a claim for a sum that is due and owing from the date upon which the sum becomes liquidated until entry of judgment on the claim. *E.g.,* Ore.Rev.Stat. 82.010(2)(a) (1981) (allowing interest to run on "[a]ll monies after they become due"). An award of damages on a contract claim thus typically includes (1) a component for money due and owing and (2) a component of prejudgment interest on any liquidated portion of the sum from the date it is due and owing.

In recent years, many jurisdictions, including this circuit, have permitted prejudgment interest to begin even before claims have strictly become liquidated, that is, fixed in amount, on the ground that the plaintiff's recovery is not complete and just unless a full recovery of interest is allowed, regardless of when the claim actually becomes liquidated as to dollar amount. *E.g., Convoy v. Sperry Rand Corp.,* 672 F.2d 781, 785 (9th Cir.1982) (interest allowed under Oregon prejudgment interest statute from time damages become "easily ascertainable" even if not then "liquidated"); *Essex House v. St. Paul Fire & Marine Ins. Co.,* 404 F.Supp. 978, 995 (S.D.Ohio 1975) (interest allowed under Ohio law from date of loss even though claim was "essentially unliquidated in nature" before judgment, based on "need to give plaintiffs fair and adequate compensation for their losses").

Even where a claim is not based on a liquidated sum or the prejudgment interest statute

is otherwise inapplicable, courts have nonetheless permitted in proper cases the recovery of interest by way of damages, as a means of making the plaintiff whole. The recovery includes as an item of damages compensation for the delay between time of injury and the awarding of damages. *E.g., Hooks v. Washington Sheraton Corp.,* 642 F.2d 614, 618–19 (D.C.Cir.1980) (Mikva, J., dissenting); *N.L.R.B. v. American Compress Warehouse,* 374 F.2d 573, 575 (5th Cir.1967); *Robert C. Herd & Co. v. Krawill Mach. Corp.,* 256 F.2d 946, 952 (4th Cir.1958), *aff'd,* 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed.2d 820 (1959); *Powers,* 251 F.2d at 819 (Lumbard, J., dissenting); Restatement (Second) of Torts § 913 & comment (1979); 22 Am.Jur.2d *Damages* §§ 179, 189 (1965) (citing cases); Note, *supra* note 2, at 1019 & n. 3, 1032.

5. Since Fed.R.Civ.P. 58 provides that regardless of any post-verdict motions, "upon a general verdict of a jury . . . the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court," the date of the entry of the judgment should ordinarily be the same as the date of rendition of a jury verdict. *Powers,* 251 F.2d at 819 (Lumbard, J., dissenting); Note, *supra* note 2, at 1036. While Rule 58 permits the district court to delay entry of judgment, the district court should not ordinarily delay the entry of judgment on a jury verdict since Rule 62(b) provides a procedure for a defendant to secure a stay of execution on the

pretation of section 1961 is, regardless of why a delay exists between the verdict and the entry of judgment based on that verdict, "who should bear the cost resulting from the loss of the use of money." Note, *supra*, at 1048. It would be anomalous to read section 1961 so narrowly that the cost of delay in payment is imposed on a successful plaintiff.[6] *See* Note, *supra*, *id.* We adopt the equitable construction of section 1961 suggested by the Supreme Court in *Mechanics' National Bank* and enunciated by the Fifth Circuit in *Pratt* and its progeny and accordingly hold that plaintiff is allowed interest under section 1961 from October 6, 1978 until paid.[7]

## II. *Rate of Interest.*

Section 1961 provides that the rate of interest to be used in calculating the interest due is that allowed by state law. 28 U.S.C. § 1961 (1976). The appropriate "state law" is that of the state in which the district court sits. *Kotsopoulos,* 467 F.2d at 95 (by implication); *Women's Catholic Order of Foresters v. Special School District,* 105 F.2d 716, 722 (8th Cir.1939). Hence, Oregon law here governs.

At the time the verdict was rendered for plaintiff, the interest rate on judgments in the State of Oregon was six per cent. Or. Rev.Stat. § 82.010(1)(b) (1977). Pursuant to an amendment of the statute, which became effective on July 24, 1979, the interest rate was increased to nine per cent. Or. Rev.Stat. § 82.010(3) (1981) (amended by 1979 Or.Laws, ch. 794, § 1). Plaintiff argues that the appropriate rate of interest is six per cent from October 6, 1978, through

---

entered judgment if post-verdict motions are to be made. *See* Note, *supra*, at 1036–37.

In light of the policy underlying the awarding of interest in the judicial process and in view of the fact that a verdict or decision on a damages issue ordinarily takes into account interest only from time of loss up to the time of verdict and *not* beyond, we believe that the plaintiff is entitled to interest under section 1961 from the date of verdict to date of payment, even where judgment on the verdict is not entered "forthwith" as required by Rule 58. Any other approach would require the wronged plaintiff—and not the defendant—to bear the cost of the loss of the use of a money judgment from the date of verdict until the date of entry of the judgment. *See Trimble,* 83 F.2d at 87. *But see Barrios v. Louisiana Constr. Materials Co.,* 465 F.2d 1157, 1168 (5th Cir.1972) (interest allowed under section 1961 only from date of actual entry of judgment and not from date of verdict six weeks earlier); *Millers' Nat'l. Ins. Co. v. Wichita Flour Mills Co.,* 257 F.2d 93, 104 (10th Cir.1958).

**6.** A recent decision of the United States Court of Appeals for the District of Columbia appears to disregard the policies underlying § 1961 and confines the term "judgment" in § 1961 narrowly to a "final" judgment in the sense of Fed.R.Civ.P. 54(b), which ordinarily governs only the issue of appealability. *See Hooks v. Washington Sheraton Corp.,* 642 F.2d 614, 616 (D.C.Cir.1980). In *Hooks,* the majority permitted section 1961 interest to run only from the date of a "final judgment" under rule 54(b) even though a judgment had actually been entered under Rule 58 over 14 months earlier. As the *Hooks* dissent points out, however, very "different purposes [are] served by a rule of

finality and a rule that commences the running of interest." *Id.* at 618 (Mikva, J., dissenting). Since § 1961 "[i]nterest is the cost of withholding the amount owed the plaintiff once that sum has been determined in a court proceeding" and since "[t]he jury's verdict is an assessment of the plaintiff's damages as of the date it is returned and includes interest as damages," if the "plaintiff is to be made whole on the date of payment, interest must be allowed during the period between verdict and payment," regardless of when the judgment entered on that verdict becomes "final." *Id.* at 618–19. We agree with Judge Mikva that "neither case law nor statute suggests that a judgment must be final for purposes of appeal before it can be a judgment for other purposes," *id.* at 619, and hence reject the notion that principles of "finality" have any proper role to play in the calculation of post-verdict interest under section 1961.

**7.** Of course, in those cases where an earlier judgment in favor of plaintiff is vacated on appeal and a new verdict or decision for plaintiff is rendered in the district court on remand, interest under section 1961 should properly run only from the date of entry of the new judgment and not from that of the old judgment, since the new verdict or decision presumably will include the value of loss of use of the money judgment from the date of loss up to the date of the new verdict on remand.

Similarly, where the verdict or decision in favor of plaintiff itself in some manner explicitly takes into account damages up to the date of entry of judgment, then section 1961 properly applies only from the date of entry of the actual judgment.

July 25, 1979, and nine per cent thereafter, until paid. We disagree.

In *Brauer v. City of Portland,* 35 Or. 471, 482, 60 P. 378, 379 (1900), the Oregon Supreme Court held that, despite a reduction in the statutory rate of interest on judgments that became effective between the date of entry of judgment and the date of payment by defendant, the applicable interest rate was that in effect at the time the judgment was entered, absent a showing that the amendment was intended to apply to judgments entered before the effective date of the amendment. Similarly, failing to find any intent that the 1979 statutory change in the interest rate on judgments was to apply to a judgment entered before the effective date of the 1979 amendment,[8] one panel of the Oregon court of appeals has specifically declined to apply the 1979 change in rate of statutory interest to a judgment entered before the change.[9] *Delaney v. Georgia-Pacific Corp.,* 42 Or.App. 439, 458 n. 6, 601 P.2d 475, 486 n. 6 (1979).[10]

We allow plaintiff interest at the rate of six per cent, per annum, from October 6, 1978, the date upon which plaintiff's judgment should have been entered, until paid.

Mandate shall issue forthwith in accordance with this opinion.

---

8. The *Delaney* court did not indicate that *reduction* of interest rates embodied in the statutory change in *Brauer* as opposed to the *increase* in interest rates present in the 1979 amendment had any legal significance whatsoever.

9. Since changes in the statutory rate presumably reflect changes in the value of use of money in a dynamic market economy and since the function of interest in the judicial process is to compensate the wronged individual for the loss of use of money, a sounder rule regarding the rate of interest applicable during the period from injury or breach to payment would be to permit the rate to vary during the period according to the changes in the statutory rate.

10. *See also Convoy Co. v. Sperry Rand Corp.,* 672 F.2d 781, 787 (9th Cir.1982) (rate of *pre*-judgment interest under Oregon statute deemed to increase on effective date of amendment of interest statute, with *Delaney* and *Brauer* distinguished as cases involving *post*-judgment interest).