707 F.2d 366
 WEYERHAEUSER CO., a Washington Corp., Plaintiff-Appellee,
v.
RELIANCE INSURANCE CO., Surety for Combustion Equipment
Assoc. Inc., A New York Corp., and Combustion
Corp., A California Corp., Defendants-Appellants,
and
Williams Patent Crusher and Pulverizer Co., Inc., a Missouri
Corp., Third Party Defendant.
 No. 81-3698.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 6, 1983.
Decided April 14, 1983.
Rehearing and Rehearing En Banc Denied June 10, 1983.
 
 W.A. Jerry North, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for defendants-appellants.
 Karen K. Creason, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon; Gus J. Solomon, Judge.
 Before KILKENNY, WALLACE and SCHROEDER, Circuit Judges.
 WALLACE, Circuit Judge.
 
 
 1
 While this case was under submission this court decided the unrelated case of Turner v. Japan Lines, Ltd., 702 F.2d 752 (9th Cir.1983). The decision in Turner deals with the sole issue presented in this appeal and holds exactly the opposite of what the district court held in its opinion and judgment of November 24, 1981. There being no contrary controlling authority from the Oregon courts, we are bound by the decision in Turner. Accordingly, the district court's decision is reversed, judgment is vacated, and the case is remanded with directions for the court to enter a new judgment consistent with Turner.
 
 
 2
 KILKENNY, Circuit Judge, specially concurring.
 
 
 3
 I concur only by reason of the compulsion of this court's recent decision in Turner v. Japan Lines, Ltd., 702 F.2d 752 (CA9 1983). Moreover, I am of the firm belief that the result in Turner contravenes the intent of the Oregon legislature when enacting the statutory change in Or.Rev.Stat. Sec. 82.010(3) (1981). There is nothing in previous Oregon case law which compels the Turner decision. However, we are bound by it.
 
 
 4
 Considering the legislative history of the statutory change, I fully agree with the district court in this case that the legislators intended to prevent the many abuses such as: (1) unfairness to victorious litigants unable to collect their judgments because the judgment debtors were taking advantage of the low statutory interest rates on the judgment; and (2) that the then statutory rate of interest was substantially below the prime interest rate and, consequently, worked a substantial disadvantage to the judgment creditor and to the general economy. Brauer v. City of Portland, 35 Or. 471, 60 P. 378 (1900), does not compel the result in Turner. The Turner court did not mention subsequent cases which indicate that changes in the statutory interest rate are subject to fluctuation according to legislative fiat, and that such fluctuations are immediately applicable to amounts outstanding. See Illingsworth v. Bushong, 61 Or.App. 152, 656 P.2d 370 (1982); Graham v. Merchant, 43 Or. 294, 72 P. 1088 (1903). Nor is the footnote in Delaney v. Georgia Corp., 42 Or.App. 439, 601 P.2d 475 (1979), controlling. As the Delaney court correctly noted, the statutory interest rate was not at issue. Consequently, any change in the statutory interest rate had no effect on the outcome of the case. The Georgia-Pacific Corporation had been awarded interest on several promissory notes. In discussing the statutory change, the court held that Georgia-Pacific was entitled to interest at the rate specified in the promissory notes, rather than the statutory interest rate. 42 Or.App. at 457-58, 601 P.2d at 485-86.