Sylvia **YEDLIN**, as Executrix of the Estate of Meyer Yedlin, Deceased, Appellant,

v.

Flo **LEWIS**, Appellee.

Flo **LEWIS**, Appellee

v.

Sylvia **YEDLIN**, as Executrix of the Estate of Meyer Yedlin, Deceased, Appellant.

No. 19779.

United States Court of Appeals
Fifth Circuit.

July 24, 1963.

James Lawrence King, Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, Fla., for appellant.

David Drucker, E. David Rosen, Miami, Fla., Bernard R. Fleisher, New York City, for appellee.

Before JONES, BROWN and LEWIS,* Circuit Judges.

JONES, Circuit Judge.

The appellee, Flo Lewis, brought an action in a district court against Sylvia Yedlin, Executrix of the Estate of Meyer Yedlin, deceased, upon a promissory note for $25,000. Mrs. Lewis and Meyer Yedlin were brother and sister. The note was dated May 23, 1957, about two years prior to the death of the maker. The executrix denied liability and asserted that there was no consideration for the note. A Florida statute[1] provides that the denial of consideration by an executor or administrator requires the holder to prove consideration. Mrs. Lewis undertook to discharge the burden, cast upon her by the statute, by a letter to her from the decedent in 1951 in which he acknowledged his indebtedness to his sister and stated how the indebtedness was incurred. The letter made reference to loans from Mrs. Lewis to her brother, made prior to 1941, to establish him in business; to expenditures made by Mrs. Lewis, which the decedent agreed to re-

---

* Of the Tenth Circuit, sitting by designation.

1. F.S.A. § 52.08.

pay to her, for the care of their mother in a nursing home; and to her forbearance in pressing for payment. Testimony was given by Hyman Wiener, a New York attorney, who had married a niece of Mrs. Lewis and Meyer Yedlin. He testified that the decedent had told him that Mrs. Lewis had made loans to him and had taken care of their mother. The letter was drafted by Wiener at Yedlin's request but revised by the latter. Wiener identified the signature on the letter.

■ The authenticity of the letter is attacked by the executrix who points to the wide space between the end of the letter and the signature, and to the difference in the width of the margins on the two pages of the letter. These matters, while perhaps going to the credibility of the testimony of Wiener by whom the letter was established, do not require that the letter be rejected. It is contended that there is an absence of proof of the amount of the loans from Mrs. Lewis to her brother, and of the amounts paid by her for the care of their mother. Where a consideration has been established, the courts do not generally inquire as to its adequacy. Johnson Lumber & Supply Co. v. Byron, Fla.App., 113 So.2d 577.

The executrix introduced a letter in evidence from Mrs. Lewis to the decedent in 1956 which indicated that she was indebted to the decedent rather than being his creditor. But the evidence indicates that Mrs. Lewis was not, prior to the delivery of the note, assured that her claim against her brother was recognized or enforceable. Such an inference could have been drawn. The effect of the evidence and the findings and conclusions to be drawn from the evidence were matters for the trial court. A judgment was entered for Mrs. Lewis. On appeal this Court, because of the absence of findings of fact and conclusions of law, vacated the judgment and remanded the cause for findings and conclusions. Yedlin, Executrix v. Lewis, 5th Cir., 1962, 299 F.2d 793. The district court, in compliance with the direction of this Court, made findings of fact and conclusions of law. Included in the findings is the following:

"That the uncontradicted testimony of Plaintiff's witness, Hyman Wiener, supported by Plaintiff's Exhibit 3, [the letter of May 28, 1951], established that there were monies loaned by Plaintiff to decedent; that the Plaintiff had, at the decedent's request, paid the nursing home expenses for their mother, which expenses the decedent promised to repay; and that there was forbearance on the part of Plaintiff with respect to the matter of repayment thereof."

As a matter of law the court concluded that there was good and valuable consideration for the note. A new judgment was entered for Mrs. Lewis. Another appeal has been taken.

■ The questions here are essentially fact questions. The effect to be given to the documents introduced, the credibility of the witness Wiener, and the inferences to be drawn are for the trial court. We see no error in its findings. Its conclusion that there was consideration for the note is fully warranted. The judgment of the district court as to the liability of Sylvia Yedlin, as Executrix, is affirmed.

■ After the remand of the case following the first appeal, the executrix moved for and the court entered an order taxing costs against Mrs. Lewis in the amount of $507.31. Included in this is $314.81 for costs in the district court, printing briefs of the executrix and transportation charges of counsel from Miami, Florida, to Jacksonville, Florida, to argue the first appeal. Included also is $167.50 for printing the record, and $25.00 for docketing the appeal in this Court. The disposition which we make of the present appeal requires that the judgment for costs against Mrs. Lewis be reversed and that the costs so taxed, as well as the costs on this appeal, be taxed against the executrix.

Judgment on the merits affirmed. Judgment for costs reversed.