Justice White,
dissenting.
The question here is — when an initial money judgment for a plaintiff is vacated, but later reinstated — what date should be used when calculating an award of postjudgment interest: the date of the first judgment for the plaintiff or the date of the later award?
In this diversity action, respondent sued petitioner claiming fraud and breach of contract. The jury reached a verdict for respondent, and awarded damages. However, on appeal, the Court *1060 of Appeals vacated the judgment, finding that the instructions given to the jury had been inadequate. 684 F. 2d 386, 396-397 (CA6 1982). A second trial ensued, where the jury again ruled for respondent; the jury’s verdict was even greater this time than was the initial award. This second judgment was affirmed on appeal. 779 F. 2d 49 (1985).
Respondent then asked the District Court to amend its judgment order, so that the postjudgment interest the District Court had awarded respondent would run from the date of the original judgment in the case, and not the date of the judgment following retrial. Petitioner opposed this request, noting that the statute which provides for postjudgment interest in civil cases, 28 U. S. C. § 1961, stipulates that interest “shall be calculated from the date of the entry of the judgment.” Since the initial judgment had been invalidated on appeal, only the date of entry of the second judgment could be the basis for calculating postjudgment interest under §1961, petitioner argued. The District Court ruled for petitioner on this issue, but the Court of Appeals reversed and held that postjudgment interest would be calculated from the date of the initial judgment. 838 F. 2d 149, 153 (CA6 1988).
In so doing, the Sixth Circuit noted that petitioner’s position had been accepted by the Second, Eighth, and Tenth Circuits. Ibid. See, e. g., Ashland Oil, Inc. v. Phillips Petroleum Co., 607 F. 2d 335, 336 (CA10 1979); Hysell v. Iowa Public Service Co., 559 F. 2d 468, 476-477 (CA8 1977); Powers v. New York Central R. Co., 251 F. 2d 813, 818 (CA2 1958). The Seventh Circuit likewise has adopted a similar reading of § 1961. See Harris v. Chicago Great Western R. Co., 197 F. 2d 829, 836 (1952). These courts all conclude that the phrase “date of the entry of the judgment” in § 1961 must be read narrowly, and cannot refer to a judgment later vacated on appeal.
By contrast, the Sixth Circuit in this case — and the First, Third, Fifth, and Ninth Circuits in other cases — have adopted a broader reading of §1961. See, e. g., 838 F. 2d, at 153-155; Poleto v. Consolidated Rail Corporation, 826 F. 2d 1270, 1280-1281 (CA3 1987); Affiliated Capital Corp. v. Houston, 793 F. 2d 706, 710 (CA5 1986); Turner v. Japan Lines, Ltd., 702 F. 2d 752, 755 (CA9 1983); United States v. Michael Schiavone & Sons, Inc., 450 F. 2d 875, 876-877 (CA1 1971). These courts all have concluded that the purposes of § 1961 are best effectuated by giving *1061 a prevailing plaintiff postjudgment interest from the date of the original judgment in his favor.
Because this case presents a conflict among the Circuits over the proper application of an oft-used federal statute (28 U. S. C. § 1961), I would grant the petition for certiorari.