**Rita Patricia KEEFE, Plaintiff,**

v.

**BAHAMA CRUISE LINE, INC., Defendant.**

**No. 86–12–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 17, 1990.

Edward F. Gerace, Tampa, Fla., for plaintiff.

David F. Pope, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for defendant.

### AMENDED ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion for entry of judgment on bond, filed May 23, 1990; Defendant's mo-

tion to tax costs on appeal, filed June 18, 1990; Defendant's reply to motion for entry of judgment on bond, filed June 18, 1990; Plaintiff's renewed motion for entry of judgment on supersedeas bond and for clarification of funds deposited into registry of court, filed June 21, 1990; Defendant's response to renewed motion for entry of judgment and for clarification, filed July 25, 1990; and Plaintiff's response to motion to tax costs and reply to response to renewed motion for judgment, filed September 13, 1990.

This cause of action was filed April 12, 1989, claiming injury sustained in a fall on the cruise ship S/S Vera Cruz. A bench trial was conducted on March 15, 1988, before this Court. On March 31, 1988, the Court entered a memorandum opinion which concluded that: 1) Defendant was estopped from asserting the passage contract ticket limitations argument based on equity; 2) the claim was not time-barred; 3) Defendant owed Plaintiff a duty of care which it breached; 4) Defendant's negligence was the proximate cause of Plaintiff's injuries; 5) Plaintiff was entitled to judgment in the amount of $7,000.00—$3,300.00 for lost wages and $3,700.00 for pain and suffering—and medical costs of $3,657.60. Defendant appealed that decision to the Eleventh Circuit Court of Appeals.

On March 15, 1989, the appellate court issued its order in the cause and the mandate issued April 12, 1989. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir.1989). The judgment ordered that Defendant–Appellant be paid the costs on appeal, to be taxed by the Clerk of the Eleventh Circuit.

> As to the liability issue the court stated: Accordingly, we hold that the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure. BCL's liability thus hinges on whether it knew or should have known about the treacherous wet spot.

The court found no express finding had been made as to how long the unsafe condition existed prior to Plaintiff's fall and that such absence precluded meaningful review of the negligence finding. The cause was remanded to allow this Court to make additional necessary findings.

As to the issue of the application of equitable estoppel by this Court and the finding that the cause was not time-barred, the court found the record supported the factual findings and that Plaintiff had proven the elements needed to create an estoppel. However, the duration of the period of estoppel and the obligation to file once the circumstances inducing delay had been discovered were found to be an issue.

The Eleventh Circuit remanded, with instructions, for this Court to: 1) determine when the period of deception began; 2) determine when Plaintiff discovered, or should have discovered that Defendant misled her; 3) calculate the unexpired portion of the limitations period; 4) measure the length of the second delay; 5) compare the two time periods; and 6) determine the reasonableness of the delay in filing the action, including in its consideration the circumstances surrounding the second delay. The court further instructed that if this Court found the time to be unreasonable then Plaintiff should not be allowed to rely upon estoppel to prevent the limitations issue. Conversely, if the delay was reasonable, Defendant could not assert the limitations provision in the passage contract ticket.

The parties on remand agreed that no further evidentiary proceedings were necessary and the Court based its supplemental memorandum opinion, issued July 17, 1989, on the supplemental memoranda of law filed after remand. This Court found in that supplemental opinion that Defendant knew or should have known of the condition which caused Plaintiff's injury and was therefore liable to Plaintiff for the injury. As to the second issue, this Court

found that the delay in filing suit was reasonable and caused by Defendant's deception. The award made in the March 31, 1988, opinion was readopted and judgment was again entered in favor to Plaintiff.

Again, Defendant filed an appeal of this Court's order. The appellate court per curium affirmed the order of July 17, 1989, and awarded the costs of appeal to Plaintiff–Appellee. *Keefe v. Bahama Cruise Line, Inc.*, 902 F.2d 959 (11th Cir.1990). Thereafter, on May 23, 1990, Plaintiff moved for this Court to enter a judgment for $10,657.60, together with court costs, appellate costs, and interest at the rate of 6.71% per annum from March 31, 1988, the date of the original judgment in this case. Defendant, in reply, argued that Plaintiff is entitled to recover only those sums awarded by the July 17, 1989, judgment and interest from that date, at the rate allowed on that date.

The award of interest on a judgment is governed by 28 U.S.C. § 1961, which states, in relevant part:

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court ... Such interest shall be calculated from the date of the entry of the judgment, ...

The purpose of this provision is to "compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1280 (3rd Cir.1987).

The parties agree that there is a split in the decisional law of the circuit courts as to whether the interest should be calculated from the time of the original judgment, here March 31, 1988, or from the judgment entered after the remand, here July 17, 1989.

Justice White's dissent in *Chattem, Inc. v. Bailey*, 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988), outlined the split. In that case the appellate court reversed the district court and held that post-judgment interest would be calculated from the date of the initial judgment. Justice White, in favor of granting the petition for certiorari, stated that:

In do doing, the Sixth Circuit noted that petitioner's position had been accepted by the Second, Eighth, and Tenth Circuits. (cites omitted) The Seventh Circuit likewise has adopted a similar reading of § 1961. (cite omitted) These courts all conclude that the phrase "date of entry of the judgment" in § 1961 must be read narrowly, and cannot refer to a judgment later vacated on appeal.

By contrast, the Sixth Circuit in this case—and the First, Third, Fifth, and Ninth Circuits in other cases—have adopted a broader reading of § 1961. (cites omitted) These courts all have concluded that the purposes of § 1961 are best effectuated by giving a prevailing plaintiff post-judgment interest from the date of the original judgment in his favor.

The Court has reviewed the cases cited from the various circuits addressing this issue. In this case, the questions addressed in the first instance and on remand were resolved in the same manner. This Court found Defendant liable, found the claim not to be time-barred, and awarded identical damages. See, *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291 (9th Cir.1982), *cert. denied*, 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400. The damages were meaningfully "ascertained" at the time of the original judgment. *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, — U.S. —, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). The Court concludes that interest in this cause of action should appropriately be calculated from the date of the original judgment, March 31, 1988.

The remaining issue is Defendant's motion for taxation of its costs, in the amount of $891.00, on appeal. Defendant, based on the Eleventh Circuit order of April 12, 1989, seeks to have the costs of the filing fee on appeal and charge for transcripts charged to Plaintiff. On the basis of *Yedlin v. Lewis*, 320 F.2d 35 (5th Cir.1963), the Court finds that the assessment of costs are not appropriate.

ORDERED that Defendant's motion to tax costs be denied; Plaintiff's motion and renewed motion for entry of judgment on the bond be granted; and the Clerk of the Court shall enter a judgment in favor of Plaintiff and against Defendant, and the surety bond, for the amount of the judgment of March 31, 1988, together with court costs, appellate costs, and interest at the legal rate from March 31, 1988, until paid.

DONE and ORDERED.